A. Smith v. L. J. D'Lashmutt.

1. Bill in equity to stay proceedings at law before J. P. and obtain an appeal.
2. If the taking an appeal was prevented 3 days after the trial by the absence of the justice—It must appear in the bill that the party did not know of the intended absence.
3. The bill must shew, if a *part* only of the judgment before the justice be unjust—*how much* is unjust.
4. Semble—That it should be shewn the compt. had not a fair trial at law.

APPEAL from New Madrid circuit court.

McGIRK* J. delivered the opinion of the court.

Bill in equity to stay proceedings at law before J. P. and obtain an appeal.

D'Lashmutt brought a bill in chancery in the circuit court of New Madrid county to stay proceedings at law before a justice of the peace and to obtain an appeal. The bill states that the complainant was administrator of the effects of one D'Lashmutt deceased, and that he imployed one Smith as a lawyer to transact business for him as administrator. That the complainant at the time of process being served on him was in New Madrid but then lived in Cape Giradeau county some 60 miles from the place of trial, that he then employed one Delaroderie to attend to the trial of the cause as his agent and instructed him to take an appeal to the circuit court if judgment went against him. That he returned home and became sick and remained so till after the time had expired in which an appeal could be taken. That on the trial of the cause before the justice Smith obtained judgment for about eighty three dollars. That Delaroderie then declared he would take an appeal, but did not then do so. That in two or three days thereafter the agent started and went a part of the way to the justice's house to take the appeal in due form, that while on the way he was informed the justice had left home and had gone to New Orleans. The bill states that the justice did in fact about three days after the trial go to New Orleans and did not return home again till after the expiration of the time for taking an appeal. Whereby he was prevented from taking his appeal. The bill further alleges that Smith obtained judgment for more than was due to him. But it does not shew how much too large the judgment is. The bill also alleges that Smith did not on the trial give the complainant all the credits he was entitled to but does not shew to what amount Smith failed to give credit. Then

* Judge Wash absent.

pays for an injunction and for an appeal to be decreed.

Smith admits the fact of the agency of Delaroderie that the justice went away as in the bill stated—denies he heard the agent say he would take an appeal, admits it may be the agent started to take the appeal and failed to proceed because the justice was absent, denies that he obtained judgment for more than the amount due to him, says he gave all credits the complainant was entitled to. The complainant filed a replication and on the bill answer and replication the cause was set for hearing. On the hearing the complainant proved by the agent the matter relating to the trial before the justice. That the agent attempted to take the appeal as stated in the bill, the failure to do so because of the absence of the justice till the expiration of the time for appealing, no proof of any kind is given to shew that Smith failed to give all just credits or that any existed, no proof was given to shew Smith obtained judgment for two much. On this state of the case the circuit court decreed an injunction against the judgment at law, and also decreed that an appeal be granted by the justice &c. This decree is alleged to be erroneous. We are well satisfied that this decree is wrong. In the first place the complainant had at least two days to take his appeal in, that time should have been used for that purpose, it is true the agent might not have known in that time that the justice intended to absent himself; to entitle the complainant to relief on this score he should at least have avered in his bill that the agent was unapprised of the intended departure of the justice. For want of this allegation the bill is defective in equity. But suppose this defect were supplied, yet the bill is defective in failing to state the amount for which the judgment at law is too large, the bill may be perfectly true and the excess may have been only six and a fourth cents.

The smallness of the injustice of the demand will in reference to the amount recovered form a good objection to the interference of a court of equity. But there is no proof that the judgment was for a cent two much. On this ground also the complainant has totally failed in his case; he has also failed to shew he had not a fair trial at law. The decree of the circuit court is reversed, the injunction dissolved and the complainant's bill dismissed with costs of suit.

MAY TERM
1835.

Smith
v.
D'Lashmutt

If the taking an appeal was prevented 3 days after the trial by the absence of the justice—It must appear in the bill that the party did not know of the intended absence.

The bill must shew, if a part only of the judgment before the justice be unjust—how much is unjust.

Semble—That it should be shewn the compt. had not a fair trial at law.