————o————

In the Matter of Southern Hotel Company and Robert Campbell, Respondents, *vs.* County Court of St. Louis County, Appellant.

1. *Revenue—Act of* 1860, *exempting Southern Hotel property from taxation—What taxes exempted by—Assessment—Taxation.*—By the act of January 4th, 1860, the lot for the Southern Hotel in the city of St. Louis, was declared to be "exempted from taxation by the city and county, for the period of ten years, from and after the first day of December, 1859." Prior to that date taxes had been assessed against this property for the year 1860, but the return in the tax books showed that they had not been paid, but were marked "exempted by the act of January 4th, 1860, from railroad, school and county taxes." The assessment for 1860 was begun October 1st, 1859, and completed by March 1st, 1860. *Held,* that the word "taxation," used in the act, referred to taxes which were due and subject to levy in 1860, and not merely to those which should be assessed for that year; that the discharge entered on the tax book was conclusive evidence that the tax for 1860 was not collected; and that, as the exemption was to be for only ten years, the property was liable for the taxes assessed in 1869, and due in 1870. That the assessment constituted a lien, does not affect the proposition.

*Appeal from St. Louis Circuit Court.*

*Thomas C. Reynolds,* for Appellee.

The true construction of the Act of 1860 is, that it exempted the Southern Hotel property from taxes due and payable to the city and county of St. Louis, prior to December 1st, 1869. (R. C., 1855, p. 1329, §§ 18, 19, 20 ; p. 1334, § 49 ; p. 1342, § 23 ; p. 1345, § 41) ; Act of March 3d, 1857 (Sess. Acts, 1857, p. 674) ; Revenue Act, March 30, 1872 ; Gottschalk's Laws, p. 374 ; Sess. Acts, 1872, p. 92, § 48 ; Act of January 14, 1860, " for the benefit of the collector of St. Louis county" (Sess. Acts, 1860, p. 576, § 2).

To extend the exemption of taxes to those of 1870, would be to give the property exemption for eleven years, by a most forced construction of the mere administrative regulations for the valuation of the property for purposes of uniform taxation.

If the exemption from taxation commenced December 1st, 1859, the liability re-attached on December 1st, 1869.

The counsel for appellant confound assessment or valuation of property, with taxation. Even after such valuation it does not follow that any tax will be levied.

The cases cited for appellant (45 Mo., 130, and 34 Mo., 390), merely affirm what the statutes already express very clearly, that the lien or liability for the future taxes on land is imposed on it from the date of the commencement of the valuation assessment.

*Hitchcock, Lubke & Player*, for Respondent.

The Act does not say " taxes due and payable," nor can these words " due and payable " be put into this Act at this time by construction. The language of the Act is, that the property shall be " exempt from taxation," *i. e.*, exempt from the imposition of any taxes of the kind mentioned, by the assessment thereof. In Blossom vs. Van Court (34 Mo., 390), and McLaren vs. Sheble (45 Mo., 130), it is determined that the imposition of the tax is the date of the assessment, *i. e.*, the 1st Monday of September.

The date upon which the assessment is prescribed by statute to be begun, fixes the time of the assessment and lien, no matter when the assessment was in fact made. (McLaren vs. Sheble, *supra*; Blossom v. Van Court, *supra*.) Hence, when this tax for the fiscal year, called " 1870," was imposed, *i. e.*, the 1st Monday of September, 1869, the period of ten years, fixed by the act of January, 1860, had not elapsed by three months, and the assessment was therefore illegal in that "the land was not [then] subject to taxation."

The taxes of 1860 are still due and a charge upon the property for aught that appears in the agreement of facts and ex-

hibit offered by appellee. The assessment is shown to have been made, and it is then shown that the collector failed to collect the "R. R., school and county taxes," and marked them on the tax bill "exempt."

NAPTON, Judge, delivered the opinion of the court.

The Legislature of Missouri by an act passed 4th January, 1860, for the benefit of the Lindell and Southern Hotel Companies, declares in the preamble of the act, that the erection of those hotels has ceased from the want of money, and that building is deemed a great public need and advantage to the city and county of St. Louis ; and, therefore, for the purpose of inducing the investment of capital for their speedy completion, it is enacted, that the land described in the preamble and all improvements " shall be exempt from taxation by the city and county, for the period of ten years, from and after the first day of December, 1859."

It is agreed that, prior to the 1st of December, 1859, taxes had been assessed against this property for the year 1860, but the returns in the tax books showed that no tax assessed in 1859 for 1860, had been paid, but that they were marked " exempted by this act of January 4th, 1860, from R. R., school and county taxes," and it was admitted that no such taxes had been paid. The assessment of the property for these taxes, payable in 1860, was begun by the assessor in 1859, on the 1st day of October, and was concluded before the 1st of March, 1860. This assessment referred to property as owned on the preceding 1st day of October, and the land in question was on that day owned by the Southern Hotel Company. On the tax book for 1860, this property was duly returned for taxation, but, as before stated, on this return was endorsed, " exempt from rail, school and county tax." And in fact, the tax was not paid.

It was admitted that in 1864, Robert Campbell bought this property, and is the present owner.

This application of Mr. Campbell, the owner, was to have the assessment upon the tax bill for county and city taxes for

1870 struck from the tax bill, the assessment having been made in September, 1869. The county court refused to allow this exemption, and the case was taken by appeal to the circuit court, where the claim to an exemption was allowed, and the tax for 1870 ordered to be erased, and the case is brought to this court by appeal.

Several questions have been argued in this court, which, on the view we take of the case, need not be decided; one of them is, that no appeal was allowable in this case from the county to the circuit court. And the point made was, that the act of January, 1860, was unconstitutional, and a third position taken by the counsel for the county was, that at all events the school taxes were not within the meaning of the exemption provided for in the act.

These questions have been elaborately argued but it will be obvious that they are entirely unimportant to either party on the hypothesis that the act of 4th of January, 1860, did not extend the exemption to the taxes for 1870, and, as we have reached that conclusion, the judgment of the county court should stand; and whether an appeal from it was admissible or not, or whether the legislature had power to make the exemption, or whether the school taxes were not exempted, are questions of no practical importance—since, in our opinion, the exemption, whether constitutional or not, or whether embracing school taxes or not, did not embrace the taxes for the year 1870.

It is clear that, if the taxes levied on this property for the year 1860, were properly exempted by the law, as in point of fact it was conceded they were, the ten years' exemption would not reach the taxes for 1870.

The entire argument for the exemption of the taxes in 1870 is based on the construction of the word "taxation," which is asserted to mean assessment for taxation. Under the system of taxation, adopted in this State for many years, and certainly in force in 1860, there always intervened between an assessment or valuation of property, and the extension of the tax on the assessor's books, which were ultimately

handed over to the collector, and the date at which the collector was required to collect the taxes, a considerable interval.

In St. Louis county, under the act of March 3d, 1857, the assessor was required to begin his assessment in October, of each year, but he was not required to return his book of assessment, or tax book, until the 1st day of March following, and the county court had a month longer to hear appeals from his valuation of property. The collector was allowed till the 1st of June, to make out an abstract of his receipts.

The 4th section of the Act of March 3, 1857, declares that, "whoever shall pay the amount of taxes assessed upon his property on or before the last day of August next, after the delivery of the copy of the tax book to the collector, in the year 1858, or any year thereafter, shall be entitled to a deduction of 5 per cent. from the portion thereof due to the county ; and to all such portion thereof as shall remain unpaid thereafter, 10 per cent. thereon shall be added, if paid before the 1st day of December following, or 20 per cent., if not so paid, to be collected for the use of the county."

This provision of the law governing St. Louis county, seems a sufficient explanation of the Act of 1860, fixing the period of exemption from December 1st, 1859. That was a point of time at which it might be presumed that the taxes due in 1859 had been paid, and if they had not, 20 per cent. was due on them. The manifest intent of the Act was to exempt the property in question from the taxes due in 1860, and not from those due in 1859, which might well be presumed to have been paid prior to December 1st. Undoubtedly, if the taxes due in 1859, were intended to be exempted, the complainant has no case, nor has he any grounds for exemption in 1870, if the taxes due for 1860 were exempt, as the exemption only extended for ten years. The object of this act was to exempt this hotel property from the payment of taxes for ten years. The valuation of property by assessors amounts to nothing, if the taxes extended on the assessor's books are not paid, and are not required to be paid. That the assessment for 1860

was not paid, is conceded, and the taxes due for ten years thereafter, including the year 1860, are conceded to be exempt.

The object of the law in question was, to exempt the property from taxation for ten years. That for ten years this property has paid no exempted tax, seems to be conceded. The law had no reference to assessments, which preceded the levy of taxes. That these assessments would create a lien from their date, is another question, no more involved in the construction of this Act of 1860.

We attach no importance to the date of the assessments. The question is, whether the property has had an exemption from payment of county and city taxes for ten years. That it has, is conceded in the agreed statement, unless we conclude that the taxes for 1860 were not released. But it is clear that the act discharged the collector from collecting the taxes of 1860, and the discharge entered on his tax books is conclusive evidence that the tax was not collected, and the fact that it was not collected, is admitted. It follows, of course that the taxes for 1870 are due, since the taxes from 1860 to 1869 embrace ten years.

We do not understand the words "exempt from taxation" as equivalent to the words "exempt from assessment." Assessment by assessors, of the value of the property is a very different matter from the authorized exaction of taxes by a collector upon these assessments. These assessments are made long anterior to any authority to collect the taxes based on them. The taxes so assessed may never become due, from various causes; and a careful examination of all the statutes in regard to revenue, from 1855 down to the present day, will, we think, clearly show that the legislature have never confounded assessments with the actual levy of taxes, and the construction given to the Act of 1860, exempting this property from taxation for ten years. after the 1st of December, 1859, by the revenue officers, was the correct one. The first year of exemption was the year 1860, and the last one was, of course, 1869; and it is of no importance that the assessment

for 1870 was made anterior to the 1st of December, 1869, any more than it was that the assessment for 1860 was made in October, 1859.

The judgment of the circuit court is reversed, and that of the county court affirmed. The other judges concur, except Judges Vories and Hough, who were absent.