OVERALL V. RUENZI *et al., Appellants*.

1.   **Injunction against Illegal Taxation.**  Injunction is a proper remedy to prevent the collection of a tax levied in excess of the legal limit; but before the writ is granted the court should require the complainant to pay so much of the tax as is confessedly due.

2.   **Taxation**: CONSTITUTION OF 1875.  A city tax was assessed prior to November 30th, 1875, the day when the new constitution took effect, but the assessment was not finally passed on by the Board of Appeals until April, 1876, and the bills were not received by the collector until July, 1876;  *Held*, that it was subject to the restrictions of section 11, article 10 of the constitution, limiting the rate of taxation for city purposes, and requiring the valuation to be the same as for State and county purposes.

*Appeal from   Audrain   Circuit Court.*—HON. GILCHRIST PORTER, Judge.

This suit was brought by plaintiffs as tax-payers of the city of St. Charles, in behalf of themselves and all other citizens of said city similarly situated, to restrain said city and its collector of taxes from collecting so much of the

| 67 | 203 |
|----|-----|
| 36a | 28 |
| 67 | 203 |
| 103 | 488 |
| 67 | 203 |
| 46a | 144 |
| 67 | 203 |
| 48a | 281 |
| 67 | 203 |
| 112 | 616 |
| 67 | 203 |
| 55a | 180 |
| 67 | 203 |
| 59a | 6 |
| 67 | 203 |
| 61a | 456 |
| 67 | 203 |
| 146 | 684 |
| 80a | 132 |
| 67 | 203 |
| f 82a | 120 |
| 67 | 203 |
| f 155 | 484 |

tax assessed for general purposes, as was in excess of the limit prescribed by the constitution of 1875. The taxes were such as the city, by its charter, approved March 1st, 1869, and by its ordinances under such charter was empowered to levy and collect; but it was claimed by the plaintiffs that the rate of taxation was cut down and controlled by the constitution of the State, which took effect on the 30th day of November, 1875, and that the valuation of the property was in excess of the valuation of the same property for State and county purposes, and, for that reason, in violation of the constitution.

*Theodore T. McDearmon & Theodore Bruere* for appellants.

The weight of opinion in other States is that a court of equity has no jurisdiction to prevent by injunction the collection of an illegal or unconstitutional tax. *Messeck v. Board, &c.*, 50 Barb, 190; *Minturn v. Hays*, 2 Cal. 590; *Wilson v. Mayor, &c.*, 4 E. D. Smith 675; *McCoy v. Chillicothe*, 3 Ham. (O.) 380; *Fremont v. Boling*, 11 Cal. 361, 380; *Van Rensselaer v. Kidd*, 4 Barb. 17; *Greene v. Mumford*, 4 R. I. 313; *Williams v. Detroit*, 2 Mich. 560; *Mechanics, &c. v. Debolt*, 1 Ohio 591; *Brewer v. Springfield*, 97 Mass. 154.

2. The decisions of this State uniformly deny the right to enjoin the collection of a tax however illegal or void the same may be. *Sayre v. Tompkins*, 23 Mo. 443; *Barrow v. Davis*, 46 Mo. 394; *Hopkins v. Lovell*, 47 Mo. 102; *Anderson v. City of St. Louis*, 47 Mo. 479; *McPike v. Pew*, 48 Mo. 525; *Steines v. Franklin County*, 48 Mo. 167; *The State v. Saline County Court*, 51 Mo. 350.

3. It is not denied that in this State, equity will interfere by injunction to prevent the sale of real estate for the collection of an illegal tax, upon the ground that such sale would cast a cloud upon the title. But there is a marked difference between such a case and the present where it does not appear that real estate has in any manner

been interfered with, and where the collector had no authority to interfere with real estate. His authority to enforce the payment of the tax was confined to the seizure and sale of personal property. Injunction will not lie to prevent the sale of personal property. *Deane v. Todd*, 22 Mo. 91; *Lockwood v. City of St. Louis*, 24 Mo. 20.

4. The liability of the tax-payer was fixed at the date of the completion of the tax-book by the city assessor Cooley on Taxation, pp. 258, 259, 260 and 270, and note. *State v. Hardin*, 34 N. J. 79; *Harmon v. New Marborough*, 9 Cush. 525; *People v. Supervisors of Chenango*, 11 N. Y. 563; *Ware v. First Parish*, 8 Cush. 267; *Woodward v. French*, 31 Vt. 337; *Walker v. Miner*, 32 Id. 769; *Ovitt v. Chase*, 37 Id. 196; *Field v. Boston*, 10 Cush. 65; *Dow v. First Parish*, 5 Met. 73; *Mitchell v. Leavenworth County*, 9 Kansas, 344; *Wells v. Smyth*, 55 Penn. St. 159, 162; *Blossom v. Van Court*, 34 Mo. 390.

5. It is a well settled principle of equity in these cases that the amount of tax admitted to be due should be tendered and offered to be paid, and this without conditions; otherwise equity will not interfere. State Railroad Tax Cases, 92 U. S. 575.

*H. C. Lackland*, for respondents.

1. The tax of more than fifty cents on $100 is unconstitutional. The levy made is one dollar per $100, for general purposes, which is 50 cts. per $100 too much. Constitution Mo., Art. 10, § 11; *St. Jo. Public Schools v. Patten*, 62 Mo. 444; *Ketchum v. P. R. R. Co.*, 3 Central Law Journal, p. 725. The constitutional limitation as to rates of taxation took immediate effect and was intended to apply to all taxes collected after the constitution went into effect. This is the case, even though the assessment had been made and completed before the constitution took effect, (Nov. 30, 1875). The time of the assessment is of no importance. The question is, when were the taxes collectible?

If they were not collectable until after the new constitution went into force, then only the rates prescribed by that instrument can be collected. *Southern Hotel Co. v. County Court*, 62 Mo. 134; *Valle v. Fargo*, 1 Mo. Appeal R. 344.

2. Injunction will lie, without regard to the question whether the collection of the taxes can be enforced by the seizure and sale of real or personal property. When officers or individuals, have no legal authority to lay a tax, and they assume the right, or when persons are vested with legal authority to lay a tax for a specified purpose, but instead of exercising that power, they proceed to impose a tax which the law has not authorized, or lay it for fraudulent or unauthorized purposes, then a court of equity will interpose to afford preventive relief by restraining the exercise of powers perverted to fraudulent or oppressive purposes. *Drake v. Philips*, 40 Ill. 388; *Foote v. Milwaukee*, 18 Wis. 270; *Toledo, &c., R. R. Co. v. Lafayette*, 22 Ind. 262; *Comrs. Clay County v. Markle*, 46 Ind. 96; *Knight v. Flatrock*, 45 Ind. 134; *Riley v. Western Un. Tel. Co.*, 47 Ind. 511; *Shoemaker v. Grant Co.*, 36 Ind. 175, *Spencer v. Wheaton*, (personal property) 14 Iowa 38; St Clair B'd Appeals, 74 Penn. St. 252; *Williams v. Pinny*, 25 Iowa 413; Dissenting opinion of Judge Scott in *Deane v. Todd*, 22 Mo. Reps. 90 and 93; *Allen v. Jay*, 60 Me. 124; *Bristol v. Johnson*, 34 Mich. 123; *Mount Vernon v. Hovey*, 52 Ind. 563; *Merrill v. Humphreys*, 24 Mich. 170; *Mitchell v. Leavenworth County*, 9 Kans. 344; *The Home Ins. Co. v. Augusta*, 50 Ga. 530; *Chicago, B. & Q. R. R. Co. v. Cole*, 75 Ill. 591; also *Same v. Paddock*, 75 Ill. 616; *Town of Lebanon v. O. & M. R. R. Co.*, 77 Ill. 539; *First National Bank v. Cook*, 77 Ill. 622; *Nunda v. Crystal Lake*, 79. Ill. 314; *Gould v. Mayor, &c. of Atlanta*, 55 Ga. 678; *Matthis v. Town of Cameron*, 62 Mo. 504; *State v. Saline Co. Court*, 51 Mo. 350; *Newmeyer v. M. & M. R. R. Co.*, 52 Mo. 81.

NAPTON, J.—There are but two points in this case, each

of which has been very elaborately and ably discussed by the counsel on either side.

In regard to the propriety of an injunction on the facts stated, various authorities cited on either side have

1. INJUNCTION AGAINST ILLEGAL TAXATION.

been examined, but we deem it necessary only to state the conclusions we have reached without any review of the cases. It would be difficult, if not impossible, to reconcile the authorities, either here or elsewhere. But it is quite apparent that of late years, whether by reason of our statute in regard to injunctions, first introduced into the Revised Code of 1865, or upon general grounds of expediency, this court has been disposed to regard with favor proceedings which are preventive in their character, rather than compel the injured party to seek redress after the damage is accomplished. We see no objection, therefore, to the mode adopted in this case to test the validity of the tax.

The question as to the validity of the levy of a tax prohibited by the constitution of 1875, when the assess-

2. TAXATION: constitution of 1875.

ment had been made prior to the 30th of November, when the constitution went into operation, was examined by this court in the cases of *St. Joseph Pub. Schools v. Patten* 62 Mo. 444, and *Southern Hotel Co. v. County Court of St. Louis*, 62 Mo. 134, and by the Court of Appeals in *Valle v. Fargo,* Vol. 1, p. 344, and by the U. S. District Judge in *Ketchum v. Pac. R. R. Co.,* reported in Central Law Journal November 10th, 1876, p. 725. The tax in that case was for the year 1876. Although the assessment was made on the 29th of November, 1875, the day before the constitution went into operation, it was not finally passed upon by the board of appeals until the latter part of April, 1876, and was not received by the collector till sometime in July of that year. It was therefore subject to the restrictions of the constitution of 1875.

We are, however, of opinion that the court should have required the payment of the taxes confessedly due, before granting the injunction, and the case will be remanded in

order that the court may name a day within which the plaintiffs may pay into court this sum, before granting any injunction. Judgment reversed and cause remanded. The other judges concur.

REVERSED.