Henry Dickhaus, Appellant, v. E. F. Olderheide, Respondent.

St. Louis Court of Appeals, May 4, 188.

1. Equity—Injunction—Taxes.—Injunction will not lie to prevent a mere formal wrong in the collection of a tax, where nothing substantial is involved in the case.

2. ——— Tender.—One who seeks to restrain the collection of an alleged illegal tax is not entitled to relief unless he tenders the taxes which are legally due.

3. ——— Equity will not restrain an act, the doing of which could work no substantial injury to the complainant.

Appeal from the Warren County Circuit Court, W. W. Edwards, Judge.

*Affirmed.*

Dyer, Lee & Ellis, for the appellant.

Peers & Morsey, for the respondent.

Rombauer, J., delivered the opinion of the court.

The plaintiff, who is a resident taxpayer of a school district in Warren county, filed, February 24, 1884, his petition for an injunction in the circuit court of said county, praying that the defendant, who is county collector, might be enjoined from collecting a district school tax of seventeen dollars, assessed against the plaintiff, and threatened to be enforced by the seizure and sale of certain personal property of the plaintiff. The petition stated that the tax sought to be enforced was illegal, for the following reasons: That it was levied for the purpose of erecting a new school house, upon a change of site, and such change and erection, and levy of tax, were

not authorized by a two-thirds vote of the qualified voters of the district, as the law requires.

Upon this petition a temporary injunction was issued. The defendant appeared, traversed the allegations of the petition, and the cause was sent to a referee, who subsequently reported his finding, in which he stated that the change of school house site was authorized by a two-thirds vote of the qualified voters of the district, and that the tax was authorized by a majority vote of those attending the meeting.

At the April term, 1885, after the referee had filed his report, the plaintiff obtained leave to file an amended petition, in which, in addition to the facts originally set out, he further averred that the meeting of the district, at which such tax was voted, was called upon a notice insufficient, as to time, and, also, insufficient in failing to state the object for which the meeting was called.

The defendant answered, denying the allegation of the amended petition, and stating by way of new matter, in substance, that the tax was voted for the purpose of paying an indebtedness for fifteen hundred dollars, which the school district had incurred by a legal vote, at a meeting properly called, upon due notice, for that purpose.

It appeared in evidence that the change of the school house site was decided upon at a meeting held in April, 1883, and that a tax of seventy-five cents on the one hundred dollars valuation was voted at said meeting, by a majority vote. That April 30, 1883, the clerk of the school district filed the annual estimate with the county clerk, on the basis of seventy-five cents, asking him not to extend it on the books until the voters would authorize a loan of fifteen hundred dollars. That when a meeting of the district was held, in June, authorizing such loan, he, the clerk, extended the tax, reducing it, however, to sixty cents

on the one hundred dollars valuation, as he considered that the limit allowed by law.

It further appeared in evidence, and by the stipulation of parties, that the notice for the district meeting, in April, 1883, was insufficient to authorize the tax complained of to the extent actually levied. That another meeting was called for June 25, 1883, upon sufficient notice in every respect, and that at this last meeting the school board of the district was authorized to negotiate a loan of fifteen hundred dollars for the purpose of purchasing a school site and building a new school house thereon, and that at such meeting two-thirds of the qualified voters of the district voted in favor of the loan of fifteen hundred dollars, and that such loan was actually negotiated in September, 1883.

Such facts appearing, the court dissolved the injunction and dismissed the plaintiff's bill.

The plaintiff, appealing, makes these points: (1) That the action of the meeting in April, 1883, was void, for the reason that the notice required by law was not given. (2) That no action was taken by the board after the meeting on the twenty-fifth of June, 1883, towards the levy of an assessment to meet the loan then. (3) That the illegal action of the meeting in April, 1883, authorizing a tax, was not and could not be legalized by the meeting of June 25, 1883.

It would appear that the directors treated the vote of June 25, 1883, providing for a loan of fifteen hundred dollars, as a ratification of the action of the meeting held in April, 1883, upon insufficient notice. Whether they were authorized to do so or not, it is needless to decide, because it is not apparent how the plaintiff has sustained any substantial injury thereby. That the directors might have ordered a levy after the loan was effected in September, 1883, that such levy was necessary for the purpose of paying the loan incurred by the authority of the voters, and that the plaintiff was not required to

pay his share of the tax until long after the loan thus authorized was effected, are all conceded facts. How, under these circumstances, the plaintiff can claim that he will be substantially injured if he is required to pay his share of the tax, is not well conceivable. Equity deals with the substance of things, and not with mere forms.

Beyond this, however, there is another reason to uphold the decree dismissing the bill. Conceding that the levy of sixty cents upon the one hundred dollars valuation was illegal and unauthorized, yet the meeting of April 23, 1883, was a legally constituted body to order an assessment of forty cents. As held in *Overall v. Ruenzi* (67 Mo. 207), a party complaining of an illegal tax and seeking to restrain its collection, will be entitled to relief only when he tenders the taxes legally due. As no such tender was made in this case, the court would have been justified to dismiss the plaintiff's bill on that ground alone.

We deem it unnecessary to pass on the further point whether an injunction will lie to prevent the seizure and sale of *personal property* upon an attempt to enforce an illegal tax. Earlier cases in this state held that it will not lie. The case of *Overall v. Ruenzi, supra,* without referring to such decisions, holds that it will, but the later case of *Mechanic's Bank v. City of Kansas* (73 Mo. 555, 559), *arguendo*, throws some doubt on the proposition.

Under these circumstances, we prefer to rest our decision on the broad ground that the plaintiff's case shows no equity entitling him to the relief.

The judgment is affirmed. All the judges concur.