THE STATE EX REL. P. F. STIFEL v. HENRY FLAD,
PRESIDENT, ETC., Respondent.

St. Louis Court of Appeals, May 31, 1887.

1. MANDAMUS, WHEN AWARDED.—A writ of mandamus will not be
   awarded, unless it appears that some substantial right of the re-
   lator has been invaded.

2. ——— SPECIAL TAX BILL—MUNICIPAL OFFICERS.—One who was to
   be paid partly in money and partly in special tax bills, for doing
   work for a municipality, and to whom was improvidently paid
   more money than he was entitled to, is not entitled to have issued
   to him special tax bills in excess of the residue, unless he first re-
   turn the money improvidently paid him.

3. ——— SPECIAL TAXES—DEFENCES.—One who is liable to pay a tax
   can not restrain its collection on the ground that it is excessive,
   without tendering what is justly due, and can not resist its payment
   on the ground that it is less than it legally ought to be.

PROCEEDING by mandamus.

*Writ denied.*

GEORGE A. CASTLEMAN, for the relator.

LEVERETT BELL, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

Upon the suggestion of the relator, an alternative
writ was issued, commanding the respondent to show
cause for his failure to issue certain special tax bills to
the relator, which the latter claims it is the duty of the
respondent to issue to him under a provision of an ordi-
nance of the city, and of a contract entered into between
the city of St. Louis and the relator.

The respondent demurs to the writ on the ground
that it does not state facts sufficient to entitle the relator
to the relief prayed for.

There is a clerical error in the writ, which purports to be, in its descriptive part, a copy of the relator's petition, in this, that the word, "amounts," is substituted for the word, "moneys;" but as this error corrects itself by papers on file and forming part of the record, in disposing of the demurrer we will disregard the error, and treat the writ in that respect as if its allegations corresponded with those of the petition.

The writ states, and the demurrer admits, the following facts:

The city of St. Louis passed an ordinance to grade and pave a certain alley. By the terms of the ordinance, the grading was to be paid for by the city, out of a fund appropriated for that purpose, and the paving by special tax bills, issued by the respondent as representative of the city, against the lots abutting on the alley. Thereafter, the relator entered into a contract with the city of St. Louis for doing the whole work, which contract, among other things, provided that the work should be completed within one month after it was commenced; that the grading should be paid for by the city, at the discretion of the street commissioner, by city warrants upon the fund set apart for that purpose, while the work progressed, and the paving should be paid for upon completion of the work by the special tax bills hereinabove mentioned.

The contract further provided that if the contractor (the relator herein) should fail to complete the work within the specified time of one month, the sum of five dollars per day for each and every day thereafter, until such completion, should be deducted from the moneys payable under said contract. The contractor did not complete the work until twenty-three days after the expiration of the month, and thereby incurred a forfeiture of one hundred and fifteen dollars, which amount, under the well settled law applying to cases of this character, was not in the nature of a penalty, but in the nature of liquidated damages. The grading amounted

to $144.25, and that amount the relator admits was fully paid to him by the city. The paving amounted, in the aggregate, to $626.84. For this work the respondent has made out and tendered to the relator, special tax bills amounting, in the aggregate, to $511.84, being for the aggregate contract value of the paving, after deducting therefrom the one hundred and fifteen dollars forfeited by the relator as liquidated damages. These bills, the relator refused to accept, claiming that he is entitled, by the terms of the contract, to special tax bills for the entire amount of $626.84. Hence this writ.

It is not pretended that the one hundred and fifteen dollars has not been justly forfeited. On the contrary, the petition and writ both state facts showing that the forfeiture was justly incurred. It is not pretended that any of the city officials attempted to waive this forfeiture, even if they had power to do so. As they are agents with limited powers, we must assume that they had no power to do so, as the existence of such power is nowhere averred, either in the petition or writ, nor are any facts stated which would warrant its exercise. Neither the petition nor writ intimates a waiver. Nor does either the petition or writ aver that the relator, prior to demanding his special tax bills from the respondent for the entire amount of $626.84, tendered back to the city the one hundred and fifteen dollars, which, according to the only logical conclusion which can be drawn from his own petition, was paid to him by mistake. On the contrary, the relator seems to insist that, although his entire contract price, deducting the forfeiture justly incurred, amounted to only $656.04, and he has been paid $144.25 in cash, already, he is still entitled to $626.84, in special tax bills.

It needs no elaborate argument to demonstrate that such is not the law. Before the relator can occupy a position entitling him to the interposition of this court by its writ of mandamus (conceding that his complaint is otherwise just) he must return the one hundred and

fifteen dollars, which, according to the statements of his own petition, have been paid to him by mistake.

But we can not see how his complaint can be just in other respects. It is nowhere averred that the value of these special tax bills is greater than the value of the corresponding amount of money. The special tax bills are redeemable in money, at once ; so that if the relator returns the money to the city, the city, at best, is bound to give him only a corresponding value in special tax bills.

The fact is, that the improvident use of the word, "moneys," instead of the word, "amounts," in the contract, has led the relator into believing that he might secure an overpayment of one hundred and fifteen dollars by first drawing out the money, under the provision of the contract, "while the work progressed," and before he was guilty of any default, and thus escape the penalty of his remissness when he failed to complete the entire work in time.

Courts deal with substantial rights and not with moot cases, and as no substantial right of the relator is invaded by the adjustment of his claim, as proposed by the respondent, the petition and the writ do not state facts sufficient to entitle the relator to the relief prayed for.

It was suggested, on argument, that some of the abutting owners may resist the payment of the special tax bills proposed to be issued by the respondent to the relator, on the ground of their illegality, in this, that their aggregate is one hundred and fifteen dollars less than it ought to be, and that, thereby, the relator might be put to useless litigation, to the prejudice of his substantial rights. Assuming the possibility of the highly improbable fact that any taxpayer would be fastidious enough to attempt resistance to the payment of a tax, because such tax is smaller than it ought to be, it could not prejudice the relator, since the attempt must necessarily fail. The collection of a tax, even though it is

illegal for excess, can not be successfully resisted, unless the taxpayer tenders what is justly due. *Overall v. Ruenzi*, 67 Mo. 207; *Dickhaus v. Olderheide*, 22 Mo. App. 79. And this rule is equally applicable to special tax bills. *Neenan v. Smith*, 60 Mo. 292; *First National Bank v. Arnoldia*, 63 Mo. 229.

The demurrer is sustained and a peremptory writ denied. Thompson, J., concurs; Lewis, P. J., is absent.