HENRY HERWICK, Appellant, v. KOKEN BARBER SUPPLY COMPANY, Respondent.

St. Louis Court of Appeals, March 26, 1895.

1. **Injunctions**: JUDGMENT ADMITTED TO BE IN PART FOR VALID DEBT. A judgment debtor is not in a position to enjoin the enforcement of the judgment, when he concedes that it is in part for a just debt but has never tendered payment of that part.

2. ——: ENFORCEMENT OF JUDGMENT: LACHES. Though a justice of the peace represents that he will decide a contested suit on a stated day, yet enters judgment in the cause prior to that day, a party to the suit will not be entitled to enjoin the enforcement of the judgment on the ground that, in reliance upon the representation, he let the time for appeal slip by.

3. ——: ——: ——. The attorney for the plaintiff in a cause pending before a justice of the peace stated to the defendant that his client would take an appeal from the justice's judgment, and, that the defendant, therefore, need not take one. No such appeal was taken. *Held*, that these facts furnished no ground for relief to the defendant, especially in the absence of proof of a fraudulent design on the part of the plaintiff's attorney in the making of the statement.

4. **Justices' Courts**: TIME OF RENDITION OF JUDGMENT. The judgment of a justice of the peace is not invalidated, under our present statutes, by the failure of the justice to render it within three days after the submission of the cause.

*Appeal from the St. Louis City Circuit Court.*—Hon. James E. Withrow, Judge.

Affirmed.

*Louis A. Steber* for appellant.

*John B. Roeder* and *E. P. Johnson* for respondent.

Rombauer, P. J.—The trial court granted a preliminary injunction, restraining the defendant from enforcing a judgment which it had obtained against the plaintiff before a justice of the peace, but, upon a final hearing, dissolved this injunction. The plaintiff appeals from the order of dissolution, and assigns for error that, upon the pleadings and evidence, he was entitled to a perpetual injunction.

The facts are as follows: The defendant herein sued the plaintiff herein before a justice of the peace for the recovery of $299.25. The plaintiff claimed that he had a valid counterclaim reducing his indebtedness to $120 and offered, in writing, to let judgment go against himself for that amount. This offer was declined, and the parties proceeded to trial. The justice rejected part of the defendant's claim and part of the plaintiff's counterclaim, and found a judgment for the defendant herein for $150. The trial before the justice took place November 27, 1893, but the justice rendered judgment only on the second day of December, 1893. The justice told the plaintiff that he would not render judgment until the fourth of December, in consequence whereof the plaintiff claims he was misled. The plaintiff also claims that he was misled, because the defendant's counsel told him that he, the defendant, would take an appeal from the justice's judgment and had failed to do so. The plaintiff also claims that he

did not discover that the justice had rendered judgment against him on the second day of December, until ten days after said day had expired and his right to take an appeal was lost. As a further ground for equitable interference, the plaintiff claims that the execution has been levied on certain fixtures and furniture which is of special design, and can not be replaced by purchase in the open market.

This statement of the facts shows that the judgment dissolving the injunction was the only judgment the court could have rendered. Although the plaintiff concedes that more than five sixths of the judgment rendered against him is justly due, he does not offer in his petition to pay the amount thus due, nor did he make any tender of the amount conceded to be due. He who seeks equity must do equity. *Overall v. Ruenzi*, 67 Mo. 203; *Dieckhaus v. Olderheide*, 22 Mo. App. 76; *Kinealy v. Staed*, 55 Mo. App. 176.

Conceding that the justice told the plaintiff that he would not render judgment until December 4, and did in fact render judgment on December 2, why should the defendant be prejudiced thereby, when he was in no way a party to such deception. The plaintiff by his own showing knew that judgment would be rendered in the case as early, at least, as December 4, yet neither he nor his counsel ever went to see what the judgment entry was, and there is no pretense that, even on the fourteenth, when the defendant did go to the justice, he went there prepared to take an appeal. Parties are entitled to relief only on the ground of mistake, when the mistake was not caused by their own negligence but was induced by the adversary party. The plaintiff has failed in this case to show either the one or the other. *Smith v. D'Lachmutt*, 4 Mo. 103.

The statement of defendant's attorney, that the defendant would take an appeal and therefore the

plaintiff need not take any, is not shown to have been made with a fraudulent design. Moreover, the plaintiff was bound to know the law that, even if the defendant took an appeal, it would have been at liberty to dismiss it at any time, leaving the justice's judgment in force.

Nor is there any merit in the plaintiff's claim that the execution is being levied on property which can not be replaced. For aught that the record shows, the plaintiff may claim the property as exempt from execution against him and prevent any interference therewith.

We need not enter into a discussion of the further question, whether, under the provisions of the law as it now stands (Revised Statutes, 1889, section 6229), the judgment of a justice can be deemed invalid, *stayed*, or in any way affected by reason of the neglect or failure of the justice to enter it within the time prescribed. The argument made by counsel for appellant, that there is an essential distinction between the rendition of a judgment and its entry, and that a judgment rendered by the justice more than three days after the cause has been submitted to him is still absolutely void under the provisions of section 6279 of the Revised Statutes, is more specious than sound.

All the judges concurring, the judgment is affirmed.