HERMAN STROEH, Appellant, v. DOGGETT DRY GOODS COMPANY, Respondent.

Kansas City Court of Appeals, February 3, 1896.

1. **Injunction:** JUDGMENT: DAY IN COURT. A petition to enjoin an execution issued on a judgment admitting that there is a sum due thereon and not tendering it, does not state a case for equitable relief, since plaintiff had his day in court and failed to appeal from the judgment.

ON REHEARING.

2. **Justices' Courts:** JUDGMENT: ENTRY: TRANSFER TO SUPREME COURT. There is no essential distinction between the rendition of a judgment and its entry, and a judgment of a justice rendered more than three days after a cause had been submitted is valid; and no reason is shown for transferring this cause to the supreme court.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*Wm. Allbritain* and *Th. N. Williams* for appellant.

(1) The judgment complained of was rendered more than three days after the cause was submitted to the justice for his final decision, and the statute, section 6279, Revised Statutes of 1889, is mandatory, and, therefore, jurisdictional. The legislature which enacted the statute under consideration evidently regarded it as mandatory in its entirety, and, therefore, they afterward enacted section 6299 of the same chapter. (2) The rendering of a judgment is a judicial act; the entering of the judgment in the justices' docket is a ministerial act. 1 Freeman on Judgments, section 38. "The time for taking an appeal from a decision dates from the time it is rendered, not from the time it is entered." *Genella v. Relyea*, 32 Cal. 159; *Young v. Kellman*, 10 Mo. App. 589; 1 Freeman on Judgments, sec. 539, and case cited. (3) As to the question whether injunction is the proper remedy in this state, there seems to be some apparent conflict of opinion, but the later decisions, especially in this court, are distinctly in favor of this remedy. It must be borne in mind that appeal is not the remedy, because an appeal in this state admits the jurisdiction of the justice who rendered the decision which is the thing we wish to deny. See *Briggs v. Railroad*, 111 Mo. 168, at pp. 173, 174; *Gibbs v. Railroad*, 11 Mo. App. 459; *Bornschein v. Finck*, 13 Mo. App. 120; *Stockton's Ex'r v. Ransom's Adm'r*, 60 Mo. 535; *Howard v. Clark*, 43 Mo. 344.

*Grant I. Rosenzweig* for respondent.

(1) As to the appellant's first point, we say that a judgment rendered by the justice in this case more than three days after the hearing, unappealed from, is

not void. The Missouri statute on the subject is as follows: Section 6279. (2) Recurring to the court's unwillingness to make a distinction between "rendering" and "entering," we submit the following. *Hazeltine v. Simson*, 61 Wis. 431. The court treats them as entirely interchangeable and synonymous. *Wise v. Loring*, 54 Mo. App. 258 (264), decides that a rendition of a judgment by a justice before the hours of grace are up does not render void. *Leonard v. Sparks*, 117 Mo. 103. Examples of the interchangeable use in Missouri of the words "entry" and "render," are found in *State v. Burns*, 66 Mo. 227, and *Smith v. Steele*, 81 Mo. 455; Elliott's Practice, sec. 1035; *Aetna v. Hesser*, 77 Iowa, 387; *Rubber v. Goodyear*, 6 Wall. 153; *Pollys v. Black*, 113 U. S. 81; *Hall v. Hudson*, 20 Ala. 284; *Jones v. Walker*, 5 Yerg. (Tenn.) 427; *Stillman v. McConnell*, 36 Kan. 398. (3) As to the appellant's second point. While we do not admit, in any sense, that the justice's judgment is void, still, even if it were, we contend that injunction is not the proper remedy. The cases in Missouri upon that point are as little in harmony as possible. The following three decisions hold that injunction is the proper remedy. *Bornschein v. Fink*, 13 Mo. App. 120; *Clarkson v. Guernsey*, 22 Mo. App. 109; *U. S. Mut. v. Reisinger*, 43 Mo. App. 571. The following eight cases decide that injunction is proper to restrain a void judgment for taxes. *Mathes v. Cameron*, 62 Mo. 504; *Neurmeyer v. Missouri*, 52 Mo. 81; *Ewing v. Board*, 72 Mo. 436; *Leslie v. St. Louis*, 42 Mo. 474; *Valle v. Ziegler*, 84 Mo. 214; *St. Louis v. Apperson*, 97 Mo. 300; *Overall v. Ruenzi*, 67 Mo. 203; *Rader v. Bader*, 67 Mo. 476. In the following nine cases, injunctions were granted to restrain trespasses of various kinds, but in each case the court carefully distinguished peculiar circumstances, owing to which the injunction

plaintiff could not have obtained adequate remedy at law. *Lockwood v. St. Louis*, 24 Mo. 20; *Hayden v. Tucker*, 37 Mo. 214; *Damschroeder v. Thias*, 51 Mo. 100; *State v. Saline*, 51 Mo. 350; *Vogler v. Montgomery*, 54 Mo. 577; *Evans v. Missouri*, 64 Mo. 453; *McPike v. West*, 71 Mo. 199; *Turner v. Stewart*, 78 Mo. 480. The following thirty-five cases declare an injunction against an execution to be improper under every and any circumstance. *Boeckler v. Railroad*, 10 Mo. App. 488; *Bear v. Youngman*, 19 Mo. App. 41; *Bailey v. Wade*, 24 Mo. App. 186; *Taylor v. Todd*, 48 Mo. App. 550; *Wyman v. Hardwicke*, 52 Mo. App. 621; *Davis v. Wade*, 58 Mo. App. 641; *Pettis v. Elgin*, 11 Mo. 411; *Keyte v. Plemmons*, 28 Mo. 104; *Nelson v. Brown*, 23 Mo. 13; *Mellier v. Bartlett*, 89 Mo. 134; *Kinealy v. Staed*, 55 Mo. App. 176; *Scrutchfield v. Sauter*, 119 Mo. 615 (621); *Rankin v. Charles*, 19 Mo. 440; *James v. Dixon*, 20 Mo. 80; *Dean v. Todd*, 22 Mo. 90; *Sayer v. Thompkins*, 22 Mo. 440 (445); *Hannibal v. Schacklett*, 30 Mo. 550; *State v. Parkville*, 32 Mo. 496; *Hannibal v. Schacklett*, 37 Mo. 280; *Burgis v. Kattelman*, 41 Mo. 480; *First Nat'l v. Meredith*, 44 Mo. 500 (503); *Echelkamp v. Schrader*, 45 Mo. 505; *Weigle v. Walsh*, 45 Mo. 560; *Burrow v. Davis*, 46 Mo. 394; *Hopkins v. Lovell*, 47 Mo. 102; *McPike v. Pew*, 48 Mo. 525; *Steiner v. Franklin*, 48 Mo. 176; *Ruby v. Shain*, 54 Mo. 207; *Stockton v. Ransom*, 60 Mo. 535; *Melcher v. Scruggs*, 72 Mo. 406; *St. Louis v. Reynolds*, 89 Mo. 146; *Chicago v. Maddox*, 92 Mo. 469; *Murphy v. DeFrance*, 105 Mo. 53 (64); *St. Louis v. Lowder*, 59 Mo. App. 3; *Jones v. Farris*, 59 Mo. App. 254 (259).

SMITH, P. J.—This is an appeal from a decree of the circuit court, denying an injunction prayed for in

the petition of the plaintiff, and dismissing the plaintiff's said petition.

The plaintiff, in his petition, in substance complained that on the —— day of ———, 1894, the said defendant company instituted an action at law against him, before J. H. Hawthorne, a justice of the peace in and for Kaw township, in the said county of Jackson, for the sum of $——; that on the twenty-first day of June, 1894, the evidence and argument of counsel having been fully heard by the said justice in the said cause, the same was submitted to him for his final decision, and that the said justice failed to render his final decision within three days from the day of submission, as he is required to do by statute, but held the case undecided until the sixth day of July, 1894, on which last mentioned day he pretended to render his final decision in favor of the said defendant for the sum of $188. That the defendant herein afterward sued out a writ of execution on said judgment and caused it to be placed in the hands of the constable, who was about to take the property of the plaintiff thereunder, to satisfy the same; that the plaintiff, on account of certain matters and things alleged in said petition was entitled to have said judgment reduced to $136. It was further alleged that the said justice had no jurisdiction to render said judgment, or issue the execution thereon. There was a prayer for an injunction restraining the defendant from further proceeding on the judgment and the constable from executing the writ of execution.

The plaintiff contends that there are but two questions raised by his appeal:

*First*, is the judgment rendered by the justice valid; and, *second*, if so, will a court of equity interfere by its writ of injunction to restrain the enforcement of execution on the judgment?

Both of these questions are answered in the negative by the ruling of the St. Louis court of appeals in *Herwick v. Barber's Supply Co.*, 61 Mo. App. 454. That case is not distinguishable from this in its essential facts. Both the reasoning and the conclusion reached by the court in that case meet the approval of our judgment. *Young v. Kielman*, 10 Mo. App. 589, decided by the same court and cited by the plaintiff, is, by implication, overruled by the later case above cited.

The plaintiff concedes by the allegations of his petition that $136 of the judgment is justly due and owing the defendant, and yet this sum he does not, in his petition, or otherwise, offer or tender the defendant. He who seeks equity must do equity. The plaintiff had his day in court. He could have appealed, if he deemed the judgment to be unjust. It is too plain for argument, that on the facts as we have stated them to be, the plaintiff was not entitled to the relief prayed for, and that the decree dissolving the temporary injunction was the only decree the court could have rendered.

It follows that the decree in this case, as well as in the case of the same plaintiff against Richardson, under the stipulation filed, will be affirmed. All concur.

### ON MOTION FOR REHEARING.

SMITH, P. J.—In the opinion, we adopted the ruling of the St. Louis court of appeals in *Herwick v. Barber's Supply Company*, 61 Mo. App. 454, to the effect that under the provisions of section 6279, Revised Statutes, there is no essential distinction between the rendition of a judgment and its entry, and that a judgment, although rendered by a justice more than three days after a cause has been submitted to him, is valid. This view of the law is not questioned in the plaintiff's

motion. If the judgment was valid, then an execution could legally issue thereon and no cause could exist for the interference of a court of equity by its injunction process with the enforcement of such execution.

It, therefore, becomes unnecessary to here enter into a consideration of the various cases cited by plaintiff in relation to whether injunction can be invoked to restrain the issue or the enforcement of an execution on a void judgment. The judgment confessedly not being void, the authorities relied on by the plaintiff are without application. If there is such a conflict in the adjudged cases in this state as found by the St. Louis court of appeals in *Railway v. Lowder*, 59 Mo. App. 3, as required that court to certify the case to the supreme court for its elucidation, there is no such an occasion in the present case, for the reasons already sufficiently stated. And so the plaintiff's motion must be overruled.