HERMAN POHLE, Respondent, v. JOSEPH DICKMANN, Appellant.

67  381
89  256
89  258,

St. Louis Court of Appeals, November 17, 1896.

1. Justices' Courts : TIME OF RENDITION OF JUDGMENT. The judgment of a justice of the peace is not invalidated by his failure to render it within three days after the submission of the cause.

2. Promissory Notes : SIGNATURE ON BACK: EVIDENCE TO ESTABLISH LIABILITY AS INDORSER. When a person who is neither payee nor indorsee of a promissory note writes his name on the back of it, the mere use of the terms, "indorse" and "indorser," by the parties to the transaction in their discussion of it, without any evidence that the same were used in their technical or legal sense, is not sufficient to establish an intention to restrict his obligation to that of indorser.

*Appeal from the St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

*J. R. Myers* for appellants.

(1) Any person who writes his name across the back of a note, of which he is neither maker nor payee, may show that it was agreed and understood between the maker, payee, and himself, that he was to be indorser. *W. H. Barnett v. W. Nolte*, 55 Mo. App. 184; *John Mammon v. Johanna Hartman*, 51 Mo. 168. (2) A justice of the peace shall render judgment and enter the same in his docket within three days after the cause shall have been submitted to him for his final decision. R. S. sec. 6279.

*J. W. Collins* for respondent.

(1) A person other than the payee who signs his name on the back of a note before its delivery is held *prima facie* to be a joint maker, and not an indorser. To avoid such liability as maker, the burden is on him to show there was a special contract or understanding between him and the payee, that he should be liable, not as maker, but only as an indorser in the strict and technical sense of the term; and the use of the word, indorser, by the parties to the contract, does not of itself constitute such proof of such a contract. *Schmidt Malting Co. v. Miller*, 38 Mo. App. 252; *Boyer v. Boogher*, 11 Mo. App. 130. (2) The judgment of a justice of the peace is not invalidated by reason of the failure of the justice to render it within three days after the cause is submitted to him. The judgment is not affected by mere irregularities. *Herwick v. Barbers' Sup-*

*ply Co.*, 61 Mo. App. 454; *The State v. Griffie*, 118 Mo. 188; R. S., sec. 6299.

ROMBAUER, P. J.—This suit is upon a promissory note, and is brought by the payee against the defendant, who is charged as maker of the note, having placed his name on the back thereof prior to its delivery to the payee. Judgment was rendered for plaintiff in the trial court. The errors assigned by the defendant are that the circuit court had no jurisdiction of the appeal from the justice, and that it excluded competent evidence offered by the defendant.

Section 6279 of the Revised Statutes provides that a justice of the peace shall render judgment and enter the same in his docket within three days after the cause shall have been submitted to him. Section 6299 provides, among other things, that no judgment rendered by a justice of the peace shall be deemed invalid, or shall be in any way affected, by reason of the neglect or failure to enter the same within the time prescribed. We have decided in *Herwick v. Koken Barbers' Supply Company*, 61 Mo. App. 454, that under the provisions of the last section above recited, a justice's judgment is not void for want of jurisdiction, although entered more than three days after the trial of the cause. This disposes of the first assignment of error adversely to the defendant.

The rulings of the trial court in rejecting evidence offered by the defendant, touching the character of his contract when he placed his name upon the note, were not always consistent. At one stage of the trial the court seemed to have assumed that conversations bearing upon that subject, to be admissible, must have taken place in presence of all parties to the instrument, and that the defendant was precluded from showing that what passed between him and either of the other

two parties was communicated to the absent party before the contract was consummated. This ruling was clearly erroneous, but the court receded from it before the close of the trial. The record bears unmistakable evidence of the fact, that the word indorse and indorser was in all probability used by all the parties to the contract, but fails to show that either of the parties used the term in its commercial sense. We have frequently decided that the mere use of that word is no proof that the defendant intended to enter into the commercial contract known by that name, or that he was so understood by the other party contracting. There must be something beyond this in order that there may be a tendency to show that the defendant was not to be held liable as a maker. *Boyer v. Boogher*, 11 Mo. App. 130; *Schmidt Malting Company v. Miller*, 38 Mo. App. 251. We must conclude, therefore, that the court committed no prejudicial error against the defendant in its rulings on the evidence, and that the judgment against him should be affirmed. So ordered. All the judges concur.