PEOPLES BANK OF DE SOTO, Appellant, v. OLLIE HANSBROUGH, Respondent.

**St. Louis Court of Appeals, March 12, 1901.\***

1. **Banks and Banking: INDORSER: MAKER, PROMISSORY NOTE: PRESUMPTION.** The law will not permit the presumption that the commercial meaning of the terms "indorsers" and "makers" of notes was unknown to the cashier and attorney of a bank.

2. ———: ———: ———: **EVIDENCE.** In the case at bar, the evidence of the letters of the bank and its attorney show that defendant's contract as "indorser" simply of the note, was clearly apprehended by the representatives of the bank.

Appeal from St. Francois Circuit Court.—*Hon. James D. Fox,* Judge.

AFFIRMED.

\*This case was received too late to be placed in chronological order.

Bank of De Soto v. Hansbrough.

STATEMENT OF THE CASE.

The plaintiff filed in a justice's court the following note, and indorsement thereon, as the statement and basis of its cause of action against the defendant:

"    .08

"$10.75                    "De Soto, Mo., September 11, 1897.

"Ninety days after date I promise to pay $10.75 to the order of People's Bank of De Soto, value received with interest at the rate of eight per cent per annum from —— and if interest be not paid annually, to become as principal and bear same rate of interest. Payable at People's Bank of De Soto, without defalcation or discount.

"Due 12-13.

No. 22734                         "WM. PIERCE."

Back of above note—"Walter Alderson, Ollie Hansbrough (Reversed): Pay to Merril Pipkin, or order, People's Bank of De Soto, Mo.

"M. S. COXWELL, Cashier."

On the trial in the circuit court, after an appeal from the judgment of the justice, the defendant to sustain his defense that he was indorser without notice of non-payment by the principal debtor, gave evidence tending to show that when the maker of the note applied to plaintiff bank to get the loan evidenced by it, he was told he must provide two indorsers. Whereupon, he replied that he could get one Walter Alderson and defendant, and was answered that these two would suffice. That the maker of the note accordingly called upon defendant and asked him to become an indorser, together with Alderson; that defendant, with knowledge of the difference in liability between indorsers and makers of notes, agreed to do so and signed the one in suit as indorser; that the maker reported to the bank that "they (Alderson and defendant) indorsed" and

the cashier said, "Yes, that's all right." · The defendant further introduced in evidence the following letters from the bank and its attorney:

"De Soto, Mo., July 21, 1899.

"Ollie Hansbrough, Esq.,

"Elvins, Mo.

"Dear Sir: Please send us check for the note on which you are *indorser* for William Pierce. The amount is $12.35. This matter must be paid or renewed at once.

"Resp. yours,

·"PEOPLE'S BANK.

"N."

"De Soto, Mo., 7-27, 1899.

"O. E. Hansbrough, Esq.,

"Elvins, Mo.

"Dear Sir: Yours of the twenty-second rec'd. The Pierce note is dated September 11, 1897. Walter Alderson is an *indorser* also with you. Alderson's address is 2112 Adams street, St. Louis, Missouri. This matter must be closed immediately. Please let us hear from you.

"Resp. yours,

"M. S. COXWELL,

"N. C."

"Farmington, Mo., August 22, 1899.

"Mr. Ollie Hansbrough,

"Elvins, Mo.

"Dear Sir: I hold a note against you as *indorser* for coll., for the sum of $10.75 and interest from Nov. 11-99.

"Note drawn by Wm. Pierce in favor of People's Bank of De Soto. Will you please send me the amount at once and oblige.

"Yours truly,

"MERRILL PIPKIN."

It was conceded that no notice of non-payment of the note was ever given the defendant. After giving all of plaintiff's requests and two for defendant, the case was submitted to a jury and a verdict returned for defendant. Plaintiff appealed.

*Pipkin & Swink* for appellant.

(1)  Merrill Pipkin was acting as agent of the bank in collecting the note, and the relation of principal and agent may be shown by parol evidence. Bank v. Jennings, 18 Mo. App. 651. (2)  The defendant having signed the note on the back before delivery, and being neither the payee nor indorsee, must be held prima facie as joint maker. Powell & Powell v. Thomas, 7 Mo. 440; Schneider v. Schiffman, 20 Mo. 571; Cahn v. Dutton, 60 Mo. 297; Sample v. Turner, 65 Mo. 696; Bank v. Dunklin, 29 Mo. App. 442; Lewis & Bros. v. Harvey & Stewart, 18 Mo. 74; Otto v. Bent, 48 Mo. 23; Chaffee v. Railroad, 64 Mo. 193. And to avoid the liability of maker, he must show that it was the understanding at the time that he was to be held only as indorser. Lewis & Bros. v. Henry & Stewart, 18 Mo. 74; Beidman v. Gray, 35 Mo. 282; Otto v. Bent, 48 Mo. 23; Boyer v. Boogher, 11 Mo. App. 130; Malt. Co. v. Miller, 38 Mo. App. 251.

No brief for respondent furnished reporter.

BOND, J.—It is insisted that there was no evidence that the plaintiff bank had any knowledge of the intention of defendant by signing his name on the back of the note before its delivery or indorsements to the payee, to limit his liability to that of an indorser. The foregoing letters from the plaintiff bank to defendant furnish a complete answer to this contention.

Each communication recognizes the defendant as an *indorser,* only, of the note in suit. These letters were written by the cashier of the bank and its learned attorney. These persons by their respective avocations must be presumed to have possessed a clear understanding of the different meanings of the terms "indorsers" and "makers" of promissory notes. It would be an unjustifiable imputation upon their intelligence to assume otherwise. The discount of negotiable paper is the most important feature of a bank of discount and deposit, and a knowledge by its officers of the significance of the terms characterizing the various parties to such instruments is absolutely essential to the adequate performance of their duties and the safe conduct of the business of the bank. To hold, therefore, that the commercial meaning of the terms indorsers and makers of notes was unknown to the cashier of the plaintiff bank and its attorney, would be violative of the necessary inferences arising from the special business in which the two men were engaged. The law does not permit a presumption to be indulged which is contrary to reason and the experienced connection between the thing presumed and that which was proven as its basis. It may well be that persons, not by their callings as attorneys or bank cashiers required to possess knowledge of the nomenclature of parties to bills and notes, might be addicted to the use of the terms indorsers and makers, as applied to such paper, in a popular and different sense from the commercial meaning of these words (67 Mo. App. 381), but no such misuse of these terms ought to be attributed when they are employed by men of skill and training, in a calling which specially demands an accurate comprehension of their import.

Our conclusion is that the evidence of the letters of the bank and its attorney show beyond cavil that defendant's contract as indorser, simply, of the note was clearly apprehended by the representatives of the plaintiff bank. The position

taken by appellant that there was no evidence of such knowledge is, therefore, quite untenable.

II.    It is also insisted the court erred in permitting the maker to testify that defendant only signed the note as indorser and not as joint maker.    There was evidence tending to show that the bank had previously required the maker to procure Alderson and defendant to sign the note in the particular capacity of indorsers.    There was also evidence that the maker reported to the bank that the two parties had signed as *indorsers,* and there was, as has been shown, further evidence—letters from the bank—showing its recognition of the fact that the defendant was merely an indorser of the note.    Besides all this, the record fails to show any *exception* at the time by appellant to an adverse ruling upon this evidence.    It follows, therefore, that there is no merit in the point now attempted to be made.

Finally, one instruction for defendant is criticised as assuming a controverted fact and as tending to mislead.    The instruction in question simply told the jury in substance, that it was not necessary for the cashier of the plaintiff to have been personally present when the defendant signed the note, after an agreement with the maker that he was to be indorser only, provided such conversation was reported to the cashier before he advanced the money.    There was certainly no error in this declaration, nor do we see how it could have misled the jury.

The judgment in this case is affirmed.    All concur; *Goode, J.,* in a separate opinion.

### CONCURRING OPINION.

GOODE, J.—I concur in the foregoing opinion.    The trial court submitted to the jury, by appropriate instructions,

the question of the capacity in which the defendant signed the note and telling them that the mere use of the terms "indorser" and "indorsee" by the parties in the discussion of the transaction, without evidence that they were used in a technical sense, was not enough to establish an intention to restrict the defendant's obligation to that of indorser. They were also instructed that the presumption prima facie was that he was a joint maker if he signed the note before its delivery to the plaintiff, and he must rebut that presumption by a preponderance of the evidence, to exonerate himself. The instructions were in accordance with the law as declared in Pohle v. Dickmann, 67 Mo. App. 381, and the evidence on which they were based was properly admitted under the authority of that case, on which the appellant seems to rely.