E. S. HODGSON, Respondent, *v.* BANKING-HOUSE OF BARTHOLOW, LEWIS & CO., Appellant.

April 27, 1880.

1. Courts will take judicial notice of the computation of time and of the coincidence of the days of the week with the days of the month.

2. Where a case is submitted to a justice on Thursday the 23d, a judgment rendered on Monday the 27th is rendered within three days of the submission.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

T. A. & H. M. POST, for the appellant.

A. R. TAYLOR, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is a garnishment on execution before a justice of the peace. Plaintiff had judgment before the justice, and on appeal and trial *de novo*, there was also judgment for plaintiff.

The docket entry of the justice shows that the original cause on which was issued the execution under which the garnishee was summoned, came on to be heard on the 23d of August: " Whereupon the justice heard the evidence produced, and took the case under advisement to August 27, 1877, at ten o'clock A. M. Now, at this day the justice having fully advised (*sic*) and considered the evidence, doth adjudge that the plaintiff have judgment against said defendant," etc.

The statute provides (Wag. Stats. 838, sect. 9) that " the justice * * * shall render judgment, and enter the same on his docket within three days after the cause shall have been submitted to him for his final decision."

It is assumed that the entry of the justice shows that this provision of the statute was disregarded and it is argued that this worked a discontinuance of the action. It has been so held in New York under a similar statute ( *Watson* v. *Davis*, 19 Wend. 371) ; and it is evident that if the limitation may be disregarded, parties might have a difficulty in ascertaining when the time within which an appeal is allowable, had elapsed. But we need not consider the question, because it is not really raised by the record, a fact to which counsel on neither side seem to have adverted.

Courts may take judicial cognizance of the computation of time, and of the coincidence of the days of the week with the days of the month. 1 Greenl. on Ev., sects. — ; *Harvy* v. *Broad*, 2 Salk. 626. Now, the 26th of August, 1877, fell on Sunday, and the statute provides (Rev. Stats., sect. 3126), that " the time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day be a Sunday, it shall be excluded." The justice is to render judgment within three days. The submission in the case, on appellant's interpretation of the docket entry, was on August 23d. We have to exclude that day, and also to exclude the 26th, which, but for the fact that it was Sunday, would be the third day. The exclusion of both these days makes Monday the third day. And as the submission was on the 23d, or at any rate, as there was no submission before the 23d, the judgment on the 27th was within three days after the cause was submitted.

It follows that no violation of the statutory provision is shown, no jurisdictional question arises, and it does not appear that the Circuit Court erred in admitting the docket entries or in proceeding with the cause.

Our attention is not directed to any other alleged error.

The judgment is therefore affirmed.  Judge HAYDEN concurs ; Judge LEWIS is absent.

BAKEWELL, J., delivered the opinion of the court on motion for a rehearing.

Our attention is now called to *Patrick* v. *Faulke*, 45 Mo. 312, and *Patchin* v. *Bonsack*, 52 Mo. 431.  We do not consider these cases as of controlling authority on the question presented in the case at bar.  We think that the Legislature intended that the justice shall have a certain fixed number of working days, during which he may consider the questions presented after the submission, if he thinks it advisable to do so.  Independently of any question of the interpretation to be given to the statute of the Construction of Statutes, we think that the time allowed the justice to advise concerning a case is not to be abridged by the intervention of a Sunday.  It is a case in which a period of time is given during which something may be done which may occupy the whole time, and which is not to be done on Sunday.

The application for rehearing is denied.  Judge HAYDEN concurs ; Judge LEWIS is absent.