WISSMAN et al., Respondents, v. MEAGHER et al., Defendants; WEBB et al., Appellants.

St. Louis Court of Appeals, November 14, 1905.

1. **JUSTICES OF THE PEACE: Pleading: Jurisdiction: Collateral Attack.** A judgment rendered before a justice of the peace, enforcing a mechanics' lien will not be held void on a motion in the circuit court to quash a transcript execution issued thereon, on the ground that the complaint on which the judgment was rendered failed to allege the filing of notice required by section 3893, Revised Statutes of 1899, showing when and before what justice the suit should be brought, when the judgment recites a finding that such notice was filed.

2. ————: **Judgment More Than Three Days After Submission: Jurisdiction.** The failure of a justice to render judgment within three days after a cause is submitted to him does not render the judgment thereafter rendered void.

3. **APPELLATE PRACTICE: Timely Objection.** The appellate court, on appeal from the ruling of the trial court upon a motion to quash an execution, will not consider an objection to the judgment on which the execution was issued when such objection was not embraced in the motion to quash.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Barclay, Shields & Fauntleroy* for appellants.

(1) A mechanic's lien suit before a justice is a special statutory proceeding, and jurisdiction over it cannot be acquired without a substantial showing of the facts which authorize the exercise of the jurisdiction. Heimberger v. Harrison, 83 Mo. App. 544; Ely v. Wren, 90 Pa. St. 144; Dean v. Wheeler, 2 Wis. 224. (2) The jurisdiction is not created and does not attach in these special statutory proceedings (and especially before justices of the peace, under the Missouri decisions), until the facts warranting the exercise of the special jurisdiction are affirmatively exhibited. In the case last above cited, the attack on the jurisdictional insufficiency was made, as in the case at bar, by motion to quash execution; and an attempt was made, by an official amended transcript, to supply the missing fact; but the attempt was pronounced by the Kansas City Court of Appeals to be futile. Other Missouri cases show that the necessary jurisdictional facts, in such cases, must affirmatively appear to give jurisdiction, and they cannot be supplied by outside evidence. Ellis v. Railroad, 51 Mo. 200; Haggard v. Railroad, 63 Mo. 302; Schultheris v. Nau, MS. opinion, this court, No. 670. (3) The recital in a judgment of the missing essential fact cannot carry

back the jurisdiction of the inferior court to the beginning of the case, and thereby confer it, *ex post facto.* The jurisdiction to begin, and to proceed and to enter judgment would still be wanting. The child may, possibly, be the father of the man, as some have said, but he cannot well be his own father. A judgment cannot give itself life by recitals which are vital to invest the court with power to enter the judgment. Nickey v. Lumber Co., 75 Mo. App. 54; Heatherly v. Hadley, 4 Oregon 15; Shaw v. Allen, 24 Wis. 563; Cunningham v. Railroad, 61 Mo. 33; Price v. Davidson, 58 Mo. App. 106; Bank v. Dock, 75 Mo. App. 332; Gist v. Loring, 60 Mo. 487.

*David Murphy* and *Barclay & Fauntleroy* also for appellants.

The statement of the cause of action before the justice failed to aver that the notice required by section 3893, Revised Statutes 1899, had been filed previously in the office of the circuit clerk. The fact that the statement was fatally defective in that particular can be taken advantage of by the owners as parties to the judgment by motion to quash, for such an irregularity is fatal to the jurisdiction over the proceedings. Lecontour v. Peters, 57 Mo. App. 449; McFall v. Dempsey, 43 Mo. App. 373; Reinhardt v. Kempf, 72 Mo. App. 650; State v. Wear, 145 Mo. 162. Where the court has no jurisdiction, it is proper to show such fact, and that the judgment is void by other parts of the record than the judgment itself. Kincaid v. Griffith, 64 Mo. App. 673; State v. Moxley, 92 Mo. App. 231. Here there is no averment (in the statement filed before the justice of the peace) that notice of intention to file suit was filed in the office of the clerk of the circuit court. That omission is fatal to the justice's jurisdiction. McDonnell v. Nicholson, 67 Mo. App. 416; Ewing v. Donnelly, 20 Mo. App. 10. The statute requires a justice to render judgment within

three days after the cause is submitted. Here, he did so nearly a month later. He lost jurisdiction when the time allowed by law for his judicial action expired. R. S. 1899, sec. 4010; Young v. Kielman, 10 Mo. App. 589; Norton v. Parker, 63 Mo. 346; Smith v. Chapman, 71 Mo. 217; Guthrie v. Humphrey, 7 Iowa 25; Harrison v. Sager, 27 Mich. 476; Fox v. Meacham, 6 Neb. 530.

*Cornelius F. Bauer* for respondents.

It is urged that the justice acquired no jurisdiction of the cause for the reason that the statement filed before the justice fails to state on what date and before what justice the suit was to be brought. Such a notice having been filed with the circuit clerk, the statute was complied with. Schroeder v. Mueller, 33 Mo. App. 28; Heier v. Meisch, 33 Mo. App. 40. It is not essential that the filing of this notice be averred in the statement filed before the justice, but it is indispensable that a compliance with the law should appear at the proceedings before the justice to validate his judgment.

BLAND, P. J.—Appeal from the order of the circuit court overruling appellants' motion to quash an execution issued upon a transcript judgment of a justice of the peace, filed in the office of the clerk of the circuit court. The grounds assigned in the motion for quashing the execution are as follows:

"1. That the said justice of the peace, Frank M. Kleiber, had no jurisdiction of the subject-matter of the alleged proceedings in favor of the said L. Wissman & Co. and against defendants, James V. Webb and William M. Bainbridge, on their property and buildings, and had no power and authority to hear evidence or adjudge in favor of a mechanic's lien.

"2. Because there was in said proceedings no statement of facts which gave the said justice jurisdiction over the subject-matter of mechanics' liens or the property and buildings of these defendants.

"3.   Because the plaintiffs' statement of their cause of action in said cause before said Justice Kleiber shows, upon its face, that the necessary steps had not been taken by plaintiffs to entitle them to a mechanic's lien (a certified copy of said statement is hereto attached, marked Exhibit 'B,' and made a part of this motion)."

1.   The suit before the justice was to foreclose and enforce a mechanic's lien on the real property of appellant Bainbridge.   The contention of appellants here is that the statement filed before the justice was insufficient to confer jurisdiction of the cause.   The statement failed to allege that the plaintiffs therein had filed with the clerk of the circuit court, a notice showing when and before what justice of the peace they would institute suit to foreclose their lien.   Section 3893, Revised Statutes 1899, requires that such a notice shall be filed before suit is begun.   The transcript of the justice's judgment, however, contains the following in the recital of the facts found by him: "That plaintiffs did, before the institution of this suit, and on the seventeenth day of September, 1903, file in the office of the clerk of the circuit court of the city of St. Louis, State of Missouri, notice in writing, notifying the above named defendants that this suit would be instituted before Justice William J. Hanley, a justice within and for the Eighth District of the city of St. Louis, State of Missouri, on the nineteenth day of September, 1903, to enforce said mechanic's lien, and that suit, in pursuance of said notice, was begun on said last-named date and within ninety days from the date of the filing of plaintiff's account for a mechanic's lien."

In Ewing v. Donnelly, 20 Mo. App. l. c. 11, this court, speaking with respect to the notice required by section 3893, supra, said:

"Where more than ninety days have elapsed after the filing of the lien account, creditors and purchasers are justified to assume that the lien has expired by limitation, in the absence of any record evidence that suit

has been instituted thereon. It is for that reason that the law requires the record entry within such time, by notice filed showing when and before what justice suit will be instituted, provided the mechanic elects to sue before a justice. It is for that reason that we held that such notice is as essential a prerequisite to the validity of the judgment as the filing of the account. We can not see on what principle we could dispense with one, which would not alike be applicable to both.

"It is preferable, although perhaps not essential, that the filing of both the account and the notice should be averred in the statement filed before the justice, but it is indispensable that a compliance with the law as to both should appear on the face of the proceedings before the justice in one shape or another, to validate his judgment."

And in Heimberger v. Harrison, 83 Mo. App. l. c. 548, this court again said: "The jurisdiction of the justice in cases like the present [mechanic's lien] is special. Every essential to its exercise must appear on the face of the proceedings."

We think, as was said in Ewing v. Donnelly, supra, it would have been better to have alleged in the petition, that the notice had been filed in the clerk's office. But we do not think the omission is fatal to the judgment. The defect was cured by the recital in the judgment of the fact that the justice found the notice had been filed. While it is the settled law of Missouri that in special proceedings of a statutory origin, in inferior courts having no common-law jurisdiction, the statutory requirements to confer jurisdiction must affirmatively appear somewhere on the face of the record, it has never been held that all the jurisdictional facts should be alleged in the paper filed before the inferior tribunal as a foundation for the suit. [Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052; Sappington v. Lenz, 53 Mo. App. 44; State v. Schneider, 47 Mo. App. 669.]

2. Section 4011, Revised Statutes 1899, provides, in substance, that where a cause is tried by a justice without the intervention of a jury, he shall render his judgment within three days after the cause is submitted. The cause was tried to the justice without a jury and it appears he held it under advisement for more than three days after final submission. For this reason it is contended by appellants that by withholding his judgment for more than three days, the justice lost jurisdiction to render the same. The cases cited by appellants in support of this contention (Norton v. Porter, 63 Mo. 346; Smith v. Chapmen, 71 Mo. 217) are decisions denying the right of a justice to amend his transcript after it has been transmitted to the circuit court, and are not in point.

In Herwick v. Barbers' Supply Company, 61 Mo. App. 454; Stroch v. Dry Goods Company, 65 Mo. App. 102, and Pohle v. Dickmann, 67 Mo. App. 381, it was ruled that the failure of the justice to enter his judgment within three days after the submission of the case did not invalidate the judgment.

3. Appellants raise the point in their brief that the judgment is void for the reason it is in excess of two hundred and fifty dollars, the amount limited by the general law of the State for the special statutory jurisdiction of justices in mechanic's lien cases (sec. 3891, R. S. 1899) and that the Legislature had no power to confer special jurisdiction on justices of the peace in the city of St. Louis, as was attempted to be done by the Laws of 1891, page 177, section 11. This point was not raised in the court below. This objection to the judgment is not embraced in the motion to quash, and hence is not before us for consideration.

We think the judgment of the justice is valid and that the trial court properly overruled the motion to quash the execution issued thereon, and affirm the judgment. All concur.