STATE of Missouri ex rel. The M. J.
GORZIK CORPORATION,
Appellant,

v.

Burroughs N. MOSMAN, Magistrate, 4th
District, Jackson County,
Respondent.

No. 46634.

Supreme Court of Missouri,

Division No. 1.

July 14, 1958.

————◆————

Charno & Charno, Kansas City, for appellant.

Alphonse Lebrecht, Rodger Walsh, Albert Thomson, Kansas City, for respondent. Davis, Thomson, VanDyke & Fairchild, Kansas City, Mo., of counsel.

HOLLINGSWORTH, Judge.

This proceeding originated in the Circuit Court of Jackson County, Missouri, which, on petition of The M. J. Gorzik Corporation, as relator, issued its provisional rule in prohibition against respondent, Burroughs N. Mosman, Magistrate, 4th District, Jackson County, to show cause why he should not be prohibited from issuing process to enforce a certain judgment shown upon the records of his court. Trial in the circuit court resulted in a judgment dismissing the petition and quashing the provisional writ, from which relator appealed to the Kansas City Court of Appeals.

That court, in a carefully considered opinion by Sperry, C., declared the judgment rendered by respondent invalid and remanded the cause to the circuit court with directions to vacate its order quashing the provisional writ, to reinstate the cause and to adjudge the writ absolute. State ex rel. M. J. Gorzik Corp. v. Mosman, Mo. App., 305 S.W.2d 733, 734. However, inasmuch as the decision overruled certain of its own cases and others of the St. Louis Court of Appeals, the cause, on order of the Kansas City Court of Appeals, was transferred to this court in accord with the provisions of Article V, § 10, of the Constitution, V.A.M.S.

Subject to the elimination of certain inferences that might flow from statements contained in some of the cases cited with approval in the opinion, and which we will hereinafter more fully explain, we adopt the relevant portions of the opinion, to wit:

"One Bobecker sued relator in respondent's court. Process issued and the cause was for trial September 7, 1955, but was duly continued, from time to time, until January 9, 1956, when the parties appeared and a trial was had. After the close of evidence respondent requested the parties to file briefs and set the case for final decision and judgment February 6, 1956. Briefs were filed prior to January 31. No judgment was rendered or entered on February 6, nor was there made or entered any order of continuance touching the cause at that time. No further order or entry was made until May 15, 1956, when respondent entered judgment in favor of Bobecker and against relator, neither party being present in court at the time, neither having received notice that judgment would be entered on said date. Neither party ever received notice that judgment had been entered but, when that fact was discovered by relator, on September 29, 1956, counsel for the parties conferred, together with the court,

who advised that no further proceedings could be allowed and no appeal entered. This action, to prohibit respondent from issuing or allowing execution on the judgment, followed.

"Whether or not the judgment should be affirmed depends on the construction to be placed on Section 517.710 RSMo 1949, V.A.M.S. (originally Section 10, Article VI, R.S.Mo. 1835) and Section 517.900 RSMo 1949, V.A.M.S. (originally Section 18, Article VII, R.S. Mo. 1854–55). The language of the above sections, in the 1949 revision, is not materially different from that appearing in the respective original sections.

"When called upon to construe a statute, the court's prime duty is to give effect to the legislative intent as expressed in the statute. To this end we are guided by certain well established and recognized rules, among which are the following: (a) The object sought to be obtained and the evil sought to be remedied by the Legislature; (b) the legislative purpose should be assumed to be a reasonable one; (c) laws are presumed to have been passed with a view to the welfare of the community; (d) it was intended to pass an effective law, not an ineffective or insufficient one; (e) it was intended to make some change in the *existing* law. Warrington v. Bobb, Mo.App., 56 S.W.2d 835, 837; 82 C. J.S. Statutes § 316, pp. 544, 545.

"Section 517.710, supra, provided that, in cases such as this, the magistrate 'shall render judgment and enter the same in his record within three days after the cause shall have been submitted to him for his final decision.' Here, the cause was submitted for final decision February 6, 1956, but no judgment entry, or any other entry, was made until May 15, 1956. The record also fails to show that any judgment was announced or rendered prior to the making of the entry.

"That section came into law in 1835 and, until 1855, remained unmodified by any other enactment. However, in 1855, what is now Section 517.900 was enacted. It provides, in effect as follows: 'No judgment rendered by any magistrate shall be deemed invalid * * * by reason of the neglect or failure of the magistrate to *enter* the same within the time prescribed, or by reason of any *informality* in entering or giving such judgment or other entry required to be made in the record, or for any other default or negligence of the magistrate or sheriff, by which neither party shall have been prejudiced.' (Emphasis ours.)

"The very fact that the legislature, in 1855, enacted Section 517.900 into law, indicates that that body intended to make some change in the law as it existed at that time. It is presumed that it intended to pass an effective law. The only effect it could have would be to modify the law as it existed under the provisions of Section 517.710, supra.

"What change in the law was intended to be, and was effected by enactment of this section?

"Section 517.710 provides, briefly, that a magistrate 'shall *render judgment* and *enter* the same in his record within three days after the cause shall have been submitted to him for his final decision.' Thus, the magistrate is required to perform two separate acts, within three days after submission of the cause. 'Rendition' is a judicial act; entering is a ministerial act. Black's Law Dictionary, Third Edition, page 1528: The judgment is rendered when it is ordered by the court; it is entered when it is spread on the docket. McLaughlin v. Doherty, 54 Cal. 519." [See, also, 49 C.J.S. Judgments § 100, page 222.]

{}

"*Both* acts were required to be done within three days and no provision was made tending to excuse non-compliance therewith, until enactment of Section 517.900.

"The St. Louis Court of Appeals, in Hodgson v. Bank-House, 9 Mo.App. 24, indicated that a failure to render judgment within three days after submission would work a discontinuance of the action, citing Watson v. Davis, 19 Wend., N.Y., 371, where it was said:

" 'It was the duty of the justice to render judgment and enter the same in his docket, within four days after the cause was submitted to him for final decision. 2 R.S. 247, Sec. 124. How much time elapsed after the trial before the judgment was *rendered* does not appear. It is however admitted by counsel, and apparent from the return, that the judgment was neither entered, nor was the amount of it settled in the mind of the justice, until after the four days had elapsed. The action was, I think, discontinued, and the power of the justice at an end. Courts of special and limited jurisdiction must pursue their authority strictly, or their acts will be either erroneous or void.

" '* * * In the case at bar, although there are no negative words, the language of the statute is imperative, and I think the legislature evidently intended to limit the time within which the justice should make his decision. The action contains an addition to the old law. The justice must not only render judgment but he must enter the same in his docket within the four days. Nothing was to be left in doubt but the rights of the parties were to be unalterably settled within the prescribed period. A limitation of the time during which *the cause might be held under advisement,* was not only proper in itself, but was important in reference to the remedy by certiorari or appeal. Without such a limitation,

the parties might often fail to ascertain that the cause had been decided until the time had elapsed for commencing proceedings by way of review. We cannot depart from the statute without making a dangerous precedent.' (Italics supplied.)

"Later the St. Louis Court of Appeals held (Young v. Kellman, 10 Mo. App. 589): that 'a failure to render judgment within three days after the submission, operates a discontinuance of the action and determines the justice's jurisdiction over it.'

"However, it has been indicated in some decisions by this court and by the St. Louis Court, that Sec. 517.900 modified the prior section to such an extent as to excuse failure of the magistrate to *render* judgment within three days after submission unless such failure shall prejudice the complaining party. Drake v. Bagley, 69 Mo. App. 39; Herwick v. Koken Barber Supply Co., 61 Mo.App. 454; Stroeh v. Doggett Dry-Goods Co., 65 Mo.App. 103." [See, also, Wissman v. Meagher, 115 Mo.App. 82, 91 S.W. 448.]

"We hold that Section 517.900 does not modify the law requiring *rendition* of a judgment within three days after submission. The meaning of the section may be better understood if it is stated in the following manner:

"No judgment *rendered* by any magistrate shall be deemed invalid, stayed, or in any way affected by reason of

"1. the neglect or failure of the magistrate to *enter* the same within the time prescribed,

"2. or by reason of any *informality* in entering or giving such judgment or other entry required to be made in the record,

"3. or for any other default or negligence of the magistrate or sheriff, by which neither party shall have been prejudiced.

"Section .517.900 has no applicat on to or effect on the time in which a judgment must be rendered. It does modify the effect of the magistrate's failure to *enter* the judgment within three days, unless such failure works prejudice as against the complaining party. It also, to the same effect, modifies the provisions of Section 517.710 in cases where other *irregularities* or *informalities* may have occurred, with reference to the entering or giving of the judgment. But it does not affect the rule that a judgment shall be *rendered* within three days. Before Sec. 517.900 can operate there must have been a judgment, in some form, *rendered* within three days.

██ "We hold the judgment in this case to be invalid. The judgment of the circuit court should be reversed, the cause remanded, and the court directed to vacate its order quashing the preliminary writ and dismissing the petition, to reinstate the cause, and to make the writ absolute."

██ For the reasons stated by Sperry, ⸚., in the foregoing opinion, we agree (1) that Section 517.900 does not modify the requirement of Section 517.710 that a judgment of the magistrate shall be *rendered* within three days after final submission, (2) that the provision is mandatory, and (3) that the judgment rendered on May 15, 1956, was void. But we cannot agree with the conclusion reached in the cases cited with approval in the opinion that a failure to render a judgment within three days after final submission *necessarily operates as a discontinuance of the action and terminates the jurisdiction of the magistrate over it.* It should be noted that the opinion does not expressly so hold, but lest such an inference be drawn from the citation of such cases with approval, we are impelled to add the following.

We are aware that, in addition to the cases cited in the opinion, the case of Lawyers Co-operative Publishing Co. v. Sleater, Mo.App., 130 S.W.2d 192, 194, holds the general rule to be that where a justice of the peace (magistrate) continues an action indefinitely he loses jurisdiction of it. It is obvious that such a drastic rule could work great hardship in certain cases and it is difficult to accept such a rule as a hard and fast one in every case. We are convinced, however, that the record in the instant case does not amount to an indefinite continuance and that we need not here consider the soundness of the rule announced in Lawyers Co-operative Publishing Co. v. Sleater, supra.

In the instant case, a trial was had. Briefs had been filed and the cause submitted. Nothing remained to be done by either of the parties. The last order of which the parties had any notice was the order fixing February 6, 1956, as the date for rendition and entry of judgment. There was no *continuance,* definite or otherwise. Respondent simply failed to take any action whatever, and, thereafter, on May 15, *without notice to the parties undertook to render and enter judgment.* (Even if the statute, Section 517.710, were not in existence, a judgment rendered and entered under the conditions shown in the instant case clearly would be violative of due process. Hoppe, Inc., v. St. Louis Public Service Co., Mo., 235 S.W.2d 347.)

But more to the point in this proceeding is the fact that the statute, Section 517.710, under which we have held the judgment void, makes no provision from which any legislative intent can be inferred that jurisdiction of the magistrate is to terminate and the case discontinued upon his failure to render judgment within three days after final submission. Such a rule could work irremediable prejudice to one or both of the parties and, in the absence of legislative requirement to that effect, we can see no reason to so hold in a case that has reached the stage here shown.

██ Unfortunately, no procedure is provided for procuring rendition and entry of a valid judgment under these circum-

stances. However, it would seem clear that upon receipt of the mandate of the trial court rendered in accord with the directions herein set forth, it would be the duty of the magistrate, at the instance of either party and upon timely notice to both, to set a date upon which he would annul the original order made for final submission of the case on February 6, set aside the judgment rendered on May 15, and render and enter judgment in accord with his findings. In the absence of legislation prescribing a rule of procedure in the situation here presented, the procedure suggested would constitute due process under the general law of the land. See Hoppe, Inc., v. St. Louis Public Service Co., supra.

We, therefore, hold, as did the Court of Appeals, that the judgment rendered and entered by the magistrate was void. The judgment of the trial court is reversed with directions to vacate its order quashing the provisional writ, to reinstate the petition and to make its writ in prohibition absolute as to the judgment rendered on May 15, 1956.

All concur.