Dear Dr. Ahr:
This official opinion is issued in response to your request for a ruling on the following question:
 Are recipients of community mental health fund monies levied and collected by counties under sections 205.975 through 205.900, RSMo, required to be designated by the Department of Mental Health in the state plan as providers of the services?
In your opinion request, you have stated the following facts which gave rise to your request for this opinion:
 The department has been designating the entities to receive federal, state or county funding in its state plan. Several of the existing community mental health centers are concerned about these county tax monies being used to support or purchase services from entities other than those designated by the department.
Counties are authorized by §§ 205.975 through 205.990, RSMo 1978, upon approval by a majority of their qualified voters, to levy and collect taxes and spend the funds for the establishment or maintenance, or both, of community mental health services.
Generally, as courts would do if presented with your question, we must seek to gather the intent of the legislature from the ordinary meaning of the words used, considering all of §§ 205.975
through 205.990, and we must seek to promote the purpose and objects of the statute and to avoid any strained or absurd meaning.St. Louis Southwestern Ry. Co. v. Loeb, 318 S.W.2d 246 (Mo. 1959). Furthermore, we should construe the various sections so as to render them a consistent and homogeneous whole. State exrel. Ashcroft v. Union Electric Co., 559 S.W.2d 216 (Mo.App., St.L. 1977).
The Department of Mental Health has certain duties and responsibilities concerning the comprehensive mental health services authorized to be established or maintained by the counties in §§ 205.975 through 205.990. Under § 205.976, the department is responsible for establishing catchment areas where comprehensive mental health services shall be conducted "as defined and designated in the most recent state plan of the department." In §§ 205.977, 205.982, 205.985 and 205.986, the services which the county may establish or maintain are described as "designated" by the department.
Furthermore, the Department of Mental Health is required under § 205.987 to develop and promulgate standards of construction, staffing, operations and services which any public or not-for-profit entity providing comprehensive mental health services shall meet before funds collected from the mill tax levy may be disbursed to them. The department shall annually review or inspect the records, operations and services provided by any entity receiving moneys as authorized under §§ 205.975 through205.990.
Moreover, § 205.987 requires entities seeking not only funds derived from the county mill tax levy but also federal community mental health funds to meet the Department of Mental Health standards. For this purpose, the department shall also review and inspect the entities annually.
Finally under § 205.988 the Department of Mental Health has the responsibility to coordinate and integrate the county established or maintained comprehensive mental health services with the state mental health delivery system. The pertinent portions of § 205.988
read as follows:
 In addition to duties and powers elsewhere provided in sections 205.975 to 205.990, the department shall do the following:
 (1) Develop and establish arrangements and procedures for the effective coordination and integration of department services and community mental health services;
 (2) Provide consultative services to counties seeking to establish or support community mental health services, and provide other consultative services to the counties, community mental health centers, mental health clinics, or any comprehensive mental health services as the department may deem feasible and appropriate . . .
If a tax levy is passed as authorized by § 205.979, the county shall establish a special fund called a community mental health fund derived from levying and collecting the taxes authorized under §§ 205.980 or 205.983. County boards, whose members are appointed by the governing bodies of counties under § 205.984, shall expend moneys from these special funds only for the following purposes of establishing or maintaining comprehensive mental health services as stated in § 205.977 (and similarly in § 205.982):
 (1) Providing necessary funds to establish, operate, and maintain community mental health clinics, or any comprehensive mental health services;
 (2) Providing funds to supplement existing funds for the operation and maintenance of community mental health centers, mental health clinics, or any comprehensive mental health services;
 (3) Purchasing any of the comprehensive mental health services from community mental health centers, mental health clinics, and other public facilities or not for profit corporations which are designated by the department. (Emphasis supplied.)
In § 205.986 are listed certain powers and responsibilities for a board of trustees to control and manage the community mental health fund. Among the board's responsibilities is the following to enable the Department of Mental Health to prepare the state plans in which the entities would be designated, as follows:
 (4) The board of trustees shall submit information as required on the disbursement fund set up to accomplish the purposes as set out in sections 205.977 and 205.982 to the department by such date as it specifies in order to facilitate annual preparation of regional and state plans.
Only four types of entities are authorized to receive moneys to provide services from the community mental health fund derived from the county tax levy authorized by §§ 205.975 through205.990 — community mental health centers, mental health clinics, public facilities, and not-for-profit corporations. In § 205.975(3), the term "community mental health center" is defined as follows:
 [A] legal entity through which comprehensive mental health services are provided to individuals residing in a certain catchment area . . .
In § 205.975(7), the term "mental health clinic" is defined as follows:
 [A] health entity offering community services delivered from a fixed place or from various places within a catchment area on an outpatient and consultative basis for the prevention, diagnosis, and treatment of emotional or mental disorders, alcoholism, or drug abuse . . .
The types of services which can be established or maintained, or both, by boards of trustees administering the community mental health fund are called "comprehensive mental health services" and defined in § 205.975(4) as follows:
 [I]npatient services, outpatient services, day care and other partial hospitalization services, emergency service, diagnostic and treatment services, liaison and follow-up services, consultation and education services, rehabilitation services, prevention services, screening services, follow-up care services, transitional living services, alcoholism and alcohol abuse prevention and treatment services, and drug addiction and drug abuse prevention and treatment services . . .
It is clear by enacting §§ 205.975 through 205.990, in S.B. 652 (1978), the legislature intended the Department of Mental Health to provide quality control over the services established or maintained by the counties by defining standards for comprehensive mental health services — whether provided through community mental health centers, mental health clinics or public or not-for-profit entities providing only one or more discrete services.
Furthermore, the legislature intended the Department of Mental Health to prevent unnecessary duplication or conflict with services supported by other public funds by having the department designate in its state plan which qualified entities could receive the county funding and be effectively coordinated with and integrated into the state mental health delivery system. Other strong evidence of this legislative intent is the fact that this responsibility of the department to designate the services was not mentioned in the law as earlier enacted in S.B. 168 (1969), until 1978 when S.B. 652 became effective. See State ex rel. M.J. Gorzik Corp. v. Mosman, 315 S.W.2d 209 (Mo. 1958).
Consequently, the board of trustees which administers a community mental health fund derived from a county tax levy retains control over the fund to determine which comprehensive mental health services to establish or maintain and how much to spend from the fund to establish or maintain any of them. The control over spending the money from the fund is limited only insofar as the funds can be spent to establish or maintain entities which meet standards of and which are designated by the Department of Mental Health to provide the services in a certain catchment area.
CONCLUSION
Thus, it is the conclusion of this office that in considering §§ 205.975 through 205.990, RSMo, in their entirety, before any entities can receive community mental health fund moneys levied and collected by counties under §§ 205.975 through 205.990, the entities are required to be designated by the Department of Mental Health in the state plan as providers of comprehensive mental health services in the catchment areas where the entities are located.
The foregoing opinion which I hereby approve, was prepared by my Assistant, Reginald H. Turnbull.
Very truly yours,
 JOHN ASHCROFT Attorney General