**Melissa Ann DAVIDSON, Respondent,**

v.

**Kenneth KUBALEK and Michelle Kubalek, Appellants.**

**No. 13209.**

Missouri Court of Appeals,
Southern District,
Division One.

March 9, 1984.

David T. Welch, Phillips, McElyea, Walker & Carpenter Corp., Camdenton, for appellants.

Janice P. Noland, Camdenton, for respondent.

FLANIGAN, Presiding Judge.

This appeal must be dismissed because, for lack of a final judgment, it is premature. "A judgment is the final determination of the right of the parties in the action." § 511.020.[1] With exceptions not applicable here, § 512.020 requires, as a pred-

icate for an appeal, "any final judgment in the case."

Plaintiff Melissa Davidson brought this replevin action against defendants Kubalek in the Circuit Court of Camden County and the case was tried, without a jury, before an associate circuit judge of that county, Honorable Mary Dickerson, who was entitled to "hear and determine" the case because "the recovery sought [was] less than five thousand dollars." § 478.225.2(8). That trial took place on August 27, 1982. The case number was CV 282 237 AC. Both sides presented evidence and requested leave to file briefs and leave was granted. Thereafter the following events occurred:

October 5, 1982—Plaintiff's brief was filed.

October 12, 1982—Defendants' brief was filed.

October 18, 1982—A purported "judgment" was rendered in favor of defendants.

November 1, 1982—Plaintiff filed an application for trial de novo. [§ 512.190][2]

November 4, 1982—The cause was assigned for a trial de novo before Honorable William Bolinger, an associate circuit judge of Morgan County. [See § 512.250.]

December 6, 1982—Trial before Judge Bolinger. A "judgment" was entered in favor of plaintiff.

Following the entry of Judge Bolinger's judgment steps were taken which, but for the deficiencies to be discussed, would have lodged this appeal by defendants in this court.

---

1. All references to statutes are to RSMo 1978, V.A.M.S.

2. Sec. 512.180 reads, in pertinent part:
"1. Any person aggrieved by a *judgment* in a case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo." (Emphasis added.)
Sec. 512.190 reads, in pertinent part:
"1. The right of a new trial provided in Subsection 1 of § 512.180 shall be perfected by filing an application for trial de novo with the clerk serving the associate circuit judge within ten days after the judgment is rendered...."
Defendants' brief in this court takes the position that Judge Bolinger had no jurisdiction because the application for trial de novo was not timely filed. That position is sound even if, which is not the case, Judge Dickerson's "judgment" had been valid. See *Essner v. Reynolds,* 621 S.W.2d 551 (Mo.App.1981); *State ex rel. Blackwell v. Elrod,* 604 S.W.2d 768 (Mo.App. 1980).

The "judgment" of October 18, 1982, was void because of the failure of the court to meet the "three days" requirement of § 517.710; *State ex rel. The M.J. Gorzik Corporation v. Mosman,* 315 S.W.2d 209 (Mo.1958). The dismissal of this appeal and subsequent proceedings below are governed by the *Mosman* case.

Chapter 517, RSMo, deals, generally, with "procedure before certain associate circuit judges." Sec. 517.710 [3] reads:

"In cases where a plaintiff shall be non-suited, or withdraw his action, and where judgment shall be by consent or where a verdict shall be rendered, the judge shall forthwith render judgment and enter the same in his record; *in all other cases* he shall render judgment and enter the same in his record *within three days* after the cause shall have been submitted to him for his final decision." (Emphasis added.)

In *Mosman* a corporation, as relator, brought a prohibition proceeding against Judge Mosman, a magistrate. The corporation had been a defendant in a proceeding pending in Judge Mosman's court. In that proceeding the following occurred: On January 9, 1956, the parties appeared and a trial was held. After the close of the evidence Judge Mosman requested the parties to file briefs and he set the case for final decision and judgment on February 6. Briefs were filed prior to January 31. No judgment was rendered or entered on February 6 and no order of continuance was entered. On May 15 Judge Mosman entered judgment in favor of the plaintiff and against the defendant corporation. Judge Mosman did not give the parties notice that the judgment had been entered on May 15 and neither party was present on that date.

The corporation instituted a prohibition proceeding against Judge Mosman in the Circuit Court of Jackson County seeking to prohibit issuance of execution on the judgment. The circuit court found in favor of Judge Mosman, dismissed the prohibition petition, and quashed the provisional writ.

An appeal to the Kansas City Court of Appeals was transferred to the supreme court.

The supreme court held that § 517.710 required that the judgment of Judge Mosman be *"rendered* within three days after final submission, (2) that the provision is mandatory, and (3) that the judgment rendered on May 15, 1956, was void." *Mosman,* supra, 315 S.W.2d at 213. (Emphasis in original.) Significantly the court added, "In the instant case, a trial was had. Briefs had been filed and *the cause submitted.* Nothing remained to be done by either of the parties." (Emphasis added.)

The court also said, at p. 213:

"... Section 517.710, under which we have held the judgment void, makes no provision from which any legislative intent can be inferred that jurisdiction of the magistrate is to terminate and the case discontinued upon his failure to render judgment within three days after final submission. Such a rule could work irremediable prejudice to one or both of the parties and, in the absence of legislative requirement to that effect, we can see no reason to so hold in a case that has reached the stage here shown.

"Unfortunately, no procedure is provided for procuring rendition and entry of a valid judgment under these circumstances."

The supreme court reversed the judgment of the circuit court and directed the circuit court to make its writ in prohibition absolute as to the void judgment of May 15, 1956. The supreme court also said that when Judge Mosman received the mandate of the circuit court it would be the duty of Judge Mosman, "at the instance of either party and upon timely notice to both," to set a date upon which he would annul the original order made for final submission of the case on February 6, set aside the judgment rendered on May 15, and render and enter judgment in accord with his findings.

---

**3.** Sec. 517.710 was amended in 1978. Its predecessor used the word "magistrate" where the present version uses the word "judge," in keeping with the "Court Reform and Revision Act of 1978," Laws of Missouri, 1978, p. 696.

The appeal is dismissed and the cause is remanded to the Circuit Court of Camden County with the direction that said court will promptly re-assign the cause to the Honorable Mary Dickerson, associate circuit judge of that county, with instructions to Judge Dickerson, on her own initiative or at the instance of any party to Civil Action CV 282 237 AC and upon timely notice to all parties, and as soon as reasonably possible, to set a new date on which she will enter an order setting aside all docket entries made on or after October 13, 1982, and treat the case as finally submitted on said new date, and render and enter judgment in accord with her findings within the period prescribed by § 517.710. In the event Judge Dickerson is not an associate circuit judge of Camden County on the date of said re-assignment, her successor will enter an order setting aside all docket entries made on or after October 13, 1982, and grant the parties a new trial on all issues. It is so ordered.

GREENE, C.J., and TITUS and CROW, JJ., concur.