David STELLWAGEN, Respondent,

v.

Barbara GATES, Appellant.

No. 15634.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 3, 1988.

Mark L. McQueary, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for appellant.

Robert L. Stemmons, Stemmons & Stemmons, Mt. Vernon, for respondent.

CROW, Presiding Judge.

This appeal must be dismissed as premature in that there is no final judgment.

Plaintiff David Stellwagen filed suit against defendant Barbara Gates on May 14, 1987, in the Associate Division of the Circuit Court of Lawrence County for personal injuries allegedly sustained by him when he was struck by a motor vehicle operated by her. Inasmuch as plaintiff's petition prayed for judgment in the sum of $7,500 and costs, the case fell within the class of cases described in subdivision "(1)" of subsection "2" of § 478.225, RSMo 1986, which became effective January 1, 1987. C.C.S. No. 2 H.C.S.S.C.S.S.B. 5, et al., Laws 1985, §§ B and C and 478.225, pages 945, 955–56 and 962. Section 478.225.2, RSMo 1986, provides:

"Each associate circuit judge within the counties ... for which he is an associate circuit judge may hear and determine the following cases or classes of cases ...:

(1) Except as otherwise provided by law, all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort ... when the sum demanded, exclusive of interest and costs, does not exceed fifteen thousand dollars;
..."

As § 478.225.2(1), quoted above, was applicable to the instant action, § 517.011.1, RSMo 1986, also applied. The latter states:

"The provisions of this chapter shall apply to the practice and procedure in civil cases before associate circuit judges in hearing and determining cases within those classes of cases enumerated in [subdivision] (1) ... of subsection 2 of

section 478.225, RSMo, except where otherwise provided by law."

Section 517.161, RSMo 1986, also applied. It states:

"The provisions of sections ... 512.-180, 517.011 to 517.151 ... shall become effective January 1, 1987...."

Section 512.180, RSMo 1986, referred to in § 517.161, above, states:

"1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

2. In all other contested civil cases tried with or without a jury before an associate circuit judge ... a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court...."

The instant case was tried before an associate circuit judge without a jury on July 17, 1987; a record was kept in compliance with § 512.180.2, above. At the conclusion of the trial the judge took the case "under advisement."

Nothing of record occurred thereafter until January 22, 1988, more than six months after the trial, when the associate circuit judge made an entry on the docket sheet stating: "... the Court finds that plaintiff has been damaged in the sum of $4,500.00, and that the percentage of fault attributed to the Defendant is 100%." A formal judgment to that effect was signed by the judge and filed January 27, 1988.

Defendant appeals, briefing two assignments of error. The first states:

"The Trial Court erred in entering judgment on January 22, 1988, as to this cause which was submitted on July 17, 1987, in that said judgment entry violated the directive of Section 517.111.2 R.S. Mo., mandating entry of judgment in a court-tried Associate Division case within thirty ... days after submission unless the parties consent to an extension. The parties here did not so consent, and, therefore, said judgment entry is void and must be set aside."

Section 517.111.2, RSMo 1986, cited by defendant in her first point, states:

"When a case is tried before a judge without a jury, judgment shall be entered by the judge within thirty days after the case is submitted for final decision unless the parties consent to a longer period of time."

The above provision applies to the instant case by virtue of §§ 517.011.1 and 517.161, RSMo 1986, quoted earlier.

Nothing in the record suggests that the parties consented that the trial judge delay entry of the judgment for more than 30 days after the case was submitted, and neither party argues otherwise.

In *Davidson v. Kubalek*, 667 S.W.2d 449 (Mo.App.1984), this Court was confronted by a situation analogous to the instant case. In *Davidson* a civil case was tried before an associate circuit judge without a jury on August 27, 1982. At that time § 517.710, RSMo 1978, was in effect. One provision of that section required the judge to render judgment and enter the same within *three* days after the cause had been submitted for final decision. Post-trial briefing was completed in *Davidson* on October 12, 1982, and the associate circuit judge undertook to enter judgment on October 18, 1982, some 52 days after trial.

This Court, relying on *State ex rel. The M.J. Gorzik Corp. v. Mosman*, 315 S.W.2d 209 (Mo.1958), held that the judgment of October 18, 1982, was void. The appeal was dismissed and the cause was remanded to the trial court with directions that the associate circuit judge, upon timely notice to all parties and as soon as reasonably possible, set a new date on which to enter an order setting aside all entries made on or after October 13, 1982, the day following completion of post-trial briefing. *Davidson*, 667 S.W.2d at 452. The associate circuit judge was directed to treat the case as finally submitted on said new date, and to render and enter judgment within the period prescribed by § 517.710, RSMo 1978. *Id.*

Section 517.710, RSMo 1978, which determined the outcome in *Davidson*, was repealed effective January 1, 1987, by the legislation referred to in the second paragraph of this opinion, and was replaced by § 517.111, RSMo 1986, subsection 2 of which was quoted earlier.

 The only difference we perceive between the instant case and *Davidson* is that here the associate circuit judge was required to enter judgment within 30 days after the case was submitted, while in *Davidson* the associate circuit judge was required to enter judgment within three days. We fail to see how the longer period in the instant case could alter the consequences of the judge's failure to enter judgment within the time allowed. Accordingly, we hold that *Davidson* controls the instant case, and that the purported judgment entered by the associate circuit judge herein was void because (a) it was not entered within 30 days after the case was submitted to said judge for final decision, and (b) there was no consent by the parties to a longer period.

Plaintiff does not attempt to distinguish *Davidson* from the instant case. Instead, plaintiff seeks to escape the effect of *Davidson* by arguing that defendant did not complain about the delay until after the judgment had been entered. Consequently, maintains plaintiff, defendant waived her right to complain on appeal about entry of judgment after the 30–day period had elapsed or, in the alternative, "impliedly consented" to the entry of judgment by failing to file a timely objection before such judgment was entered.

None of the cases cited by plaintiff involved a situation like the one before us, and we know of no authority holding that a party, by acquiescence, can confer power on a court to enter a judgment after such court has lost the power to do so. We therefore hold that the void judgment in the instant case was infused with no vitality by plaintiff's silence prior to its entry. Defendant's first point is meritorious and requires disposition in conformity with *Davidson*.

As the appeal must be dismissed for lack of a judgment we do not reach defendant's second point, which avers the judgment was against the weight of the evidence.

The appeal is dismissed and the cause is remanded to the Associate Division of the Circuit Court of Lawrence County with directions that the associate circuit judge who entered the purported judgment shall, on his own initiative or at the instance of either party, upon timely notice to all parties and as soon as reasonably possible, set a date on which he shall enter an order setting aside all entries made on or after January 22, 1988, together with the purported judgment, and treat the case as finally submitted on said new date, and enter such judgment as he shall deem proper within the period prescribed by § 517.111.2, RSMo 1986. In the event the associate circuit judge who entered the judgment is no longer the judge of the Associate Division of the Circuit Court of Lawrence County, his successor shall enter an order setting aside all entries made on or after January 22, 1988, together with the purported judgment, and shall grant the parties a new trial on all issues.

HOLSTEIN, C.J., and GREENE, J., concur.