**James J. LARIMER and Zelma M.
Larimer, Plaintiffs–Respondents,**

v.

**Dallas ROBERTSON, d/b/a Robertson
Ford, Defendant–Appellant.**

**No. 16803.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 11, 1990.

Paul F. Sherman, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-appellant.

Donald G. Cheever, Marshfield, for plaintiffs-respondents.

SHRUM, Judge.

Defendant appeals from a judgment in favor of plaintiffs for actual and punitive damages entered by the Circuit Court of Dallas County, Associate Division, in a court-tried case. Plaintiffs alleged fraud by defendant in the sale of an automobile to plaintiffs by defendant.

The appeal must be dismissed because there is no final judgment. This follows because the case was tried before a circuit court, associate division, without a jury on June 21, 1989. A record was made in compliance with § 512.180.2. No judgment was entered within 30 days after the case was submitted for final decision. This was contrary to § 517.111.2, RSMo 1986, which reads:

> When a case is tried before a judge without a jury, judgment shall be entered by the judge within thirty days after the case is submitted for final decision unless the parties consent to a longer period of time.

Section 517.111.2 applies to the instant case by reason of §§ 517.011.1 and 517.161, RSMo 1986. *Stellwagen v. Gates*, 758 S.W.2d 195, 196 (Mo.App.1988). Plaintiffs and defendant concede in their briefs that the parties did not consent to a period of time more than 30 days after submission for the trial court to enter judgment. Further, the parties acknowledged in their briefs that the judgment was not "entered" or "filed" until October 24, 1989. The docket entry on June 21, 1989, contained no judgment or decision.[1] The docket entry spreading the judgment on the record occurred October 24, 1989, when a written "Decree,"[2] signed by the trial judge, was filed.

In Point I, defendant asserted that the judgment was void by reason of § 517.111.2. When confronted with situations analogous to the instant case, this court, as well as other appellate courts of this state, have consistently held that judgments of associate divisions of the circuit court are void when entered after statutory time limits for entering judgment have passed unless the parties give prior consent to a longer period. *State v. Mosman*, 315 S.W.2d 209 (Mo.1958); *Stellwagen v. Gates, supra*, at 197; *Davidson v. Kubalek*, 667 S.W.2d 449 (Mo.App.1984). In this case, the "Decree" was filed with the clerk and spread upon the record October 24, 1989, more than 125 days after the case was submitted for final decision. While the "Decree" was not dated, a judgment is "rendered" when it is ordered by the court and it is "entered" when it is spread on the docket. *State v. Mosman, supra*, 315 S.W.2d at 211. The "rendering" of the judgment and the "entry" of the judgment here occurred on October 24, 1989. As such, the purported judgment was void because (a) it was not entered within 30 days after the case was submitted to the judge for final decision, and (b) there was no consent by the parties to a longer period. Section 517.111.2, RSMo 1986; *Stellwagen v. Gates, supra*, at 197.

Defendant argues that despite the fact that the judgment is void, this court should retain jurisdiction pursuant to Rule 84.14 and enter the judgment that the trial court ought to have entered. Such argument misconceives the holding in *Stellwagen* and its predecessors. Those cases hold that such purported judgment is void. A void judgment cannot be brought back to life, *McCoy v. Briegel*, 305 S.W.2d 29, 36 (Mo.App.1957), and Rule 84.14 does not confer jurisdiction on an appellate court. *Meltzer*

---

**1.** Defendant's summary judgment motion was overruled on that date, but no other judgment was entered on trial date of June 21, 1989.

**2.** The "Decree" read, in part: "Now on this 21st. day of June, 1989, Plaintiffs appear in person and by Attorney.... Defendant appears in person and by Attorney.... Based upon the evidence presented to the Court the Court finds the issues in favor of Plaintiffs and finds that Plain-

tiffs are entitled to damages on Count I ... in the sum of $2,856.85 ... and to punitive damages on Count II ... in the sum of $2,500.00." Except for the recital of appearances and trial as being June 21, 1989, the "Decree" bore no date. The clerk's file stamp and the docket sheet showed the "Decree" was filed October 24, 1989.

*v. Meltzer,* 775 S.W.2d 120, 121 (Mo. banc 1989). Rule 84.14 applies only where an appellate court has jurisdiction of an appeal. *Id.* at 121. When a judgment entered by a trial court is void, the court of appeals has no jurisdiction to review. *Schneider v. Sunset Pools of St. Louis, Inc.,* 700 S.W.2d 137, 138 (Mo.App.1985). The jurisdiction of this court to hear an appeal is derivative from that of the trial court, and where the trial court's judgment is void and in excess of its jurisdiction, this court cannot acquire jurisdiction to hear the appeal. *Wandfluh v. Wandfluh,* 716 S.W.2d 420, 422 (Mo.App.1986); *Cox Standard Station, Inc. v. Taylor,* 682 S.W.2d 193, 195 (Mo.App.1984). Plaintiffs, in their brief, suggest that when defendant requested this court to retain jurisdiction and enter judgment under Rule 84.14, such request amounted to a consent by defendant to waive the time limitations imposed by § 517.111.2. However, appellate jurisdiction cannot be conferred by waiver, acquiescence, or even express consent. *In re Estate of Lloyd,* 676 S.W.2d 889, 890 (Mo. App.1984). The judgment in this case was rendered void by § 517.111.2, and this court knows of no authority which holds that a party, by acquiescence or agreement, can confer power on a court to enter a judgment after such court has lost the power to do so, either at the trial level or appellate level. *Southwest Mall v. Top Brands Distributors, Inc.,* 774 S.W.2d 874, 875 (Mo.App.1989).

It is unfortunate that this case cannot be finally concluded, but because the trial court's judgment was void, this court has no alternative but to dismiss the appeal. The appeal is dismissed. The case is remanded to the Associate Division of the Dallas County Circuit Court with directions that the circuit judge, associate division, who entered the purported judgment shall, on his own initiative or at the instance of either party, upon timely notice to all parties and as soon as reasonably possible, set a date on which he shall enter an order setting aside all entries made on or after October 24, 1989, including the purported judgment, and treat the case as finally submitted on said new date. Thereafter, with the time period prescribed by § 517.111.2, RSMo 1986, the trial judge shall enter such judgment as he shall deem proper. In the event the circuit judge who entered the judgment is no longer judge of the Associate Division of the Circuit Court of Dallas County, his successor shall enter an order setting aside all entries made on or after October 24, 1989, and shall grant the parties a new trial on all issues. *Stellwagen v. Gates,* 758 S.W.2d at 197.

PARRISH, P.J., and HOGAN, J., concur.