**Earl KAMP and Jessie Kamp, his wife, Plaintiffs/Respondents,**

**v.**

**Kirby GRANTHAM and Deborah Grantham, his wife, Defendants/Appellants.**

**No. 69700.**

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 12, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 8, 1997.

Application to Transfer Denied Feb. 25, 1997.

Albert C. Lowes, Cape Girardeau, for defandants/appellants.

Malcolm H. Montgomery, Johnson, Montgomery & Maguire, Cape Girardeau, for plaintiffs/respondents.

GRIMM, Judge.

In this non-jury matter, an associate circuit court judge granted plaintiffs judgment against defendants for $6,426.25. Defendants appeal, raising two issues.

■ The first is decisive. In it, defendants allege the associate circuit court judge lacked jurisdiction to enter judgment because judgment was not entered within thirty days after submission as required by § 517.111.2, RSMo 1994. We agree, and remand for entry of a new judgment.

The procedural background discloses that plaintiffs filed their petition in 1994. In that petition, they sought $6,426.25 for rent they paid which they contend defendants should have paid. Ultimately, the cause was tried and submitted on September 22, 1995. The trial court entered judgment on November 20, 1995.

## I. Judgment is Void

■ Chapter 517 of the Missouri Revised Statutes pertains to procedures before associate circuit judges in certain matters. The parties agree that § 517.111.2 is applicable. It states:

When a case is tried before a judge without a jury, judgment shall be entered by the judge within thirty days after the case is submitted for final decision unless the parties consent to a longer period of time.

The southern district applied this statute to facts similar to ours in two cases, *Stellwagen v. Gates*, 758 S.W.2d 195 (Mo.App. S.D.1988) and *Larimer v. Robertson*, 800 S.W.2d 154 (Mo.App. S.D.1990). In *Stellwagen*, the associate circuit court judge entered judgment more than six months after submission. In *Larimer*, the associate circuit court judge entered judgment approximately four months after trial. In each case, our southern district colleagues held that the purported judgments were void because (1) they were not entered within 30 days after submission and (2) the parties had not consented to a longer period. *Stellwagen*, 758 S.W.2d at 197; *Larimer*, 800 S.W.2d at 155.

In the case before us, the associate circuit court judge rendered judgment approximately two months after submission. Neither party contends that consent was given for a longer period of time. Thus, pursuant to the holdings in *Stellwagen* and *Larimer*, we hold that the purported judgment of November 20, 1995, is void. *See also, State ex rel. M.J. Gorzik Corp. v. Mosman*, 315 S.W.2d 209 (Mo.Div.1 1958) (Under a similar predecessor statute, supreme court held that a judgment rendered after time limit "was void." *Id.* at 213).

## II. Procedure on Remand

■ Defendants argue that on remand, a new trial should be granted. They acknowledge that under the predecessor statute discussed in *Mosman*, the supreme court did not order a new trial. Rather, the court remanded the case to the trial judge for entry of a new judgment without hearing further evidence. *Mosman*, 315 S.W.2d at 214.

Nevertheless, they contend amendments to the statute in 1985 mandate a new trial. We disagree. The 1985 amendments changed the time for the judge to render the decision from 3 days to 30 days and also allowed the parties to consent to a longer period of time. Like our southern district colleagues, we fail to see how a longer period of time could alter the consequences of the judge's failure to enter judgment within the time allowed. *Stellwagen*, 758 S.W.2d at 197.

■ It is unfortunate that this case cannot be finally concluded by a decision on the merits. However, because the purported judgment is void, a final judgment is not before us. This court has no jurisdiction to review a void judgment. *Schneider v. Sunset Pools of St. Louis*, 700 S.W.2d 137, 138 (Mo.App. E.D.1985).

The appeal is dismissed and the cause is remanded to the Associate Division of Cape Girardeau County Circuit Court. This court directs Judge Raymond H. Weber to set a date on which he shall enter an order setting aside all entries made on or after November 20, 1995, including the purported judgment. He shall do this on his own initiative or at the instance of either party, upon timely

notice to all parties and as soon as reasonably possible.

On the date selected by Judge Weber, the case shall be treated as finally submitted. Thereafter, within the time prescribed by § 517.111.2, Judge Weber shall enter such judgment as he shall deem proper. In the event of the death or disability of Judge Weber before he enters final judgment, a judge appointed by the Missouri Supreme Court shall enter an order setting aside all entries on or after November 20, 1995, and shall grant the parties a new trial on all issues. *See Stellwagen,* 758 S.W.2d at 197; *Larimer,* 800 S.W.2d at 156.

AHRENS, C.J., and DOWD, J., concur.