Darrel FRENCH, Plaintiff/Appellant,

v.

Timothy DAVIDSON and Cynthia Davidson, Defendants/Respondents.

No. 69529.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 17, 1996.

Terry R. Rottler, Ste. Genevieve, for plaintiff/appellant.

Kenneth A. Seufert, Farmington, for defendants/respondents.

GRIMM, Judge.

In this non-jury case, an associate circuit court judge granted defendants judgment against plaintiff on a counterclaim for $1,933.64. Plaintiff appeals, raising three issues.

The second point is decisive. In it, plaintiff alleges the associate circuit court judge lacked jurisdiction to enter judgment because judgment was not entered within thirty days after submission as required by § 517.111.2, RSMo 1994. We agree, and remand for entry of a new judgment.

The procedural background discloses that plaintiff filed his petition in February of 1995. Defendants answered, and also filed a counterclaim. Ultimately, the cause was heard May 1 and 26, 1995.* On November 8, the trial court entered judgment.

### Judgment is Void

Chapter 517 of the Missouri Statutes pertains to procedures before associate circuit court judges in certain matters. Section 517.111.2 is applicable. It states:

When a case is tried before a judge without a jury, judgment shall be entered by the judge within thirty days after the case is submitted for final decision unless the parties consent to a longer period of time.

The southern district applied this statute to facts similar to ours in two cases, *Stellwagen v. Gates*, 758 S.W.2d 195 (Mo.App. S.D.1988) and *Larimer v. Robertson*, 800 S.W.2d 154 (Mo.App. S.D.1990). In *Stellwagen*, the associate circuit court judge entered judgment more than six months after submission. In *Larimer*, the associate circuit court judge entered judgment approximately four months after trial. In each case, our southern district colleagues held that the purported judgments were void because (1) they were not entered within thirty days after submission and (2) the parties had not consented to a longer period of time. *Stellwagen*, 758 S.W.2d at 197; *Larimer*, 800 S.W.2d at 155.

In the case before us, the associate circuit court judge rendered judgment approximately five and a half months after submission. Nothing in the record indicates that the parties consented to a longer period of time. Thus, pursuant to the holdings in *Stellwagen*

and *Larimer*, we hold that the purported judgment of November 8, 1995, is void. *See also, State ex rel. M.J. Gorzik Corp. v. Mosman*, 315 S.W.2d 209 (Mo.Div.1 1958) (Under a similar predecessor statute, supreme court held that a judgment rendered after time limit "was void." *Id.* at 213).

It is unfortunate that this case cannot be finally concluded by a decision on the merits. However, because the purported judgment is void, a final judgment is not before us. This court has no jurisdiction to review a void judgment. *Schneider v. Sunset Pools of St. Louis, Inc.*, 700 S.W.2d 137, 138 (Mo.App. E.D.1985).

The appeal is dismissed and the cause is remanded to the Associate Division of Ste. Genevieve County Circuit Court. This court directs Judge Don U. Elrod to set a date on which he shall enter an order setting aside all entries made on or after November 8, 1995, including the purported judgment. He shall do this on his own initiative or at the instance of either party, upon timely notice to all parties and as soon as reasonably possible.

On the date selected by Judge Elrod, the case shall be treated as finally submitted. Thereafter, within the time prescribed by § 517.111.2, Judge Elrod shall enter such judgment as he shall deem proper. In the event of the death or disability of Judge Elrod before he enters final judgment, a judge appointed by the Missouri Supreme Court shall enter an order setting aside all entries on or after November 8, 1995, and shall grant the parties a new trial on all issues. *See Stellwagen*, 758 S.W.2d at 197; *Larimer*, 800 S.W.2d at 156.

CRAHAN, P.J., and HOFF, J., concur.

---

* At the conclusion of the evidence on May 26, the trial court granted the parties approximately twenty days to examine and furnish memorandum concerning an exhibit. Nothing in the record indicates when this was accomplished. However, plaintiff's brief suggests this was accomplished by July 6.