John FRANCIS and Joan Francis,
Plaintiffs–Respondents,

v.

Charles RICHARDSON and Echo
Richardson, Defendants–
Appellants.

No. 21350.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 18, 1997.

Robert L. Smith, Smith & Miller, Poplar Bluff, for Defendants–Appellants.

Matthew S. Edmundson, Edmundson, Terando, Hopkins & Henson, Poplar Bluff, for Plaintiffs–Respondents.

SHRUM, Judge.

In this non-jury matter, a judge granted Plaintiffs judgment against Defendants for $5,018.45. The damage award represented the value of one month's rent and damages resulting from an alleged failure by Defendants to maintain rental property pursuant to a lease. Defendants appeal, presenting two issues.

The first issue is dispositive. In it, Defendants contend the associate circuit judge did not have authority to enter judgment be-

cause the judgment was not entered within thirty days after submission as required by § 517.111.2, RSMo 1994. Plaintiffs concede that Defendants' point is well taken, agree that the judgment is "void," and admit that the case must be remanded for entry of a new judgment. Accordingly, we remand for that purpose.

The record reveals that this case was tried and submitted to a judge of the associate division of the circuit court of Butler County on April 10, 1996. The trial court entered judgment on October 9, 1996. The entry of judgment six months after submission ran contrary to the provisions of § 517.111.2, RSMo 1994.

Section 517.111.2 reads:

"When a case is tried before a judge without a jury, judgment shall be entered by the judge within thirty days after the case is submitted for final decision unless the parties consent to a longer period of time."

In *Stellwagen v. Gates*, 758 S.W.2d 195 (Mo.App.1988) and in *Larimer v. Robertson*, 800 S.W.2d 154 (Mo.App.1990), we held that the purported judgments were void because (1) they were not entered within 30 days after submission and (2) the parties had not consented to a longer period. *Stellwagen*, 758 S.W.2d at 197[1]; *Larimer*, 800 S.W.2d at 155. Recently, the eastern district reached the same result in *Kamp v. Grantham*, 937 S.W.2d 258, 259 (Mo.App.1996). *See also, State ex rel. M.J. Gorzik Corp. v. Mosman*, 315 S.W.2d 209, 214 (Mo.1958) (under a similar predecessor statute, supreme court held that a judgment rendered after time limit was void).

Here, the associate circuit judge rendered judgment approximately six months after submission. Neither party argues that consent was given for a longer period of time. Thus, pursuant to *Kamp, Larimer,* and *Stellwagen*, we hold that the purported judgment entered in this case is void.

In their second point, Defendants ask us to declare that there was not sufficient substantial evidence to support the judgment. Since the judgment is void, we will not address this point. "We know of nothing more futile in the law than a decision and opinion by a court in a cause whereof it has no jurisdiction." *Reichardt Motor Co. v. Standard Accident Ins. Co.*, 237 Mo.App. 902, 179 S.W.2d 112, 114 (1944).

We dismiss this appeal and remand the case to the associate division of the circuit court of Butler County, with the following directions. The associate circuit judge who entered this judgment shall on his own initiative, or on the motion of either party, as soon as possible after timely notice to all parties, set a date at which time he shall enter an order setting aside all entries made on or after October 9, 1996, and treat the case as finally submitted on that new date. The associate circuit judge shall then enter a judgment within the time period mandated by § 517.111.2, RSMo 1994. In the event the trial judge who entered the void judgment is no longer judge of the associate division of the circuit court of Butler County, his successor shall enter an order setting aside all entries made on or after October 9, 1996, and shall grant the parties a new trial on the issues. *See Larimer*, 800 S.W.2d at 156; *Stellwagen*, 758 S.W.2d at 197.

PARRISH, P.J., and BARNEY, J., concur.