Willard H. DEES, Plaintiff-Respondent,

v.

HOCKER OIL COMPANY, INC.,
Defendant-Appellant.

No. 13616.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 1985.

Jon S. Hutcheson, Houston, for plaintiff-respondent.

David L. Steelman, Steelman, Hearne & Hearne, Salem, for defendant-appellant.

PREWITT, Chief Judge.

Plaintiff sought to recover damages from defendant, contending that defendant had not followed an agreement that it would reimburse plaintiff for a portion of utility charges. Following nonjury trial plaintiff received a judgment in accordance with his request. Defendant appeals.

Relying on *State ex rel. M. J. Gorzik Corp. v. Mosman*, 315 S.W.2d 209 (Mo. 1958), and *Davidson v. Kubalek*, 667 S.W.2d 449 (Mo.App.1984), defendant contends that under § 517.710, RSMo 1978, the judgment is void as it was entered by an associate circuit judge more than three days after the case was submitted for final decision. Section 517.710 states:

> In cases where a plaintiff shall be nonsuited, or withdraw his action, and where judgment shall be by consent or where a verdict shall be rendered, the judge shall forthwith render judgment and enter the same in his record; in all other cases he shall render judgment and enter the same in his record within three days after the cause shall have been submitted to him for his final decision.

Judge Becker is an associate circuit judge, and as the amount does not exceed $5,000.00, he would have jurisdiction to decide this matter under § 478.225.-2(1), RSMo 1978, without assignment. However, here, as provided in § 517.010.2, RSMo 1978, the presiding judge of the circuit specifically directed that the practice and procedure applicable before circuit judges should apply to the hearing on the matter. See also § 478.240.2, RSMo 1978, § 478.250.2, RSMo 1978, § 517.520.2, RSMo 1978 and Rule 41.01. As the judge was not proceeding under chapter 517 at the trial, but under the procedures applicable to circuit judges, he was not required to follow § 517.710. This point is denied.

Defendant has two remaining points, both of which we deny. The record establishes that the judgment is supported by substantial evidence and is not against the weight of the evidence and that no error of law appears. A discussion of those points and any further opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

HOGAN, P.J., and MAUS and CROW, JJ., concur.